STOKES, ROBERT G., Associate Judge.
The principal point in this case is whether the trial judge erred in allowing the husband to assert an oral counterclaim for special equity in real property owned jointly by the parties. The oral counterclaim was made during the trial and over the objections of wife’s counsel.
Although Rule 1.190(a), RCP, allows amendments to conform with the evidence by leave of court, this court has previously held in Tucker v. Daugherty, Fla.App.2d, 1960, 122 So.2d 230:
. . . Amendments under Rule 1.15(b), Florida Rules of Civil Procedure, 30 F. S.A. of course, can be made at any time, but they must not prejudice the opposing parties.
In view of the current law with respect to the presumption of gifts in marital relationships,[1] the appellant could properly have relied upon this presumption and, thereby, not had an ample opportunity for discovery relating to the issues presented in a special equity claim; and, also, not had the opportunity to present testimony to refute husband’s claim for the special equity. Accordingly, the cause is reversed as to this point and remanded for further proceedings consistent with this opinion.
The remaining points on appeal have been considered and, being found to be without merit, are affirmed.
Reversed and remanded.
BOARDMAN, Acting C. J., and SCHEB, J., concur.

. See Ball v. Ball (Fla.App.2d, 1974), 303 So.2d 32; Steinhauer v. Steinhauer (Fla.App.4th, 1971), 252 So.2d 825.