BARFIELD, Judge.
Appellants, plaintiffs in the trial court, appeal from a summary judgment granted appellees. Michael Locke broke his neck in a diving accident at a bank sponsored employees picnic and sued the bank and the property owners for failing to maintain a safe place for swimmers and failing to warn him of submerged objects in the lake. The facts which must be accepted as true for purposes of a motion for summary judgment, and the reasonable inferences therefrom considered in the light most favorable to the plaintiffs, raise disputed issues of material fact which preclude dispo: sition of this case by summary judgment. We therefore reverse..
Considering the facts and the reasonable inferences to be drawn therefrom in the light most favorable to the plaintiffs, the party resisting the motion for summary judgment, we reach the following scenario. Bank of Washington County organized a picnic for its employees and their families at the Crystal Lake property of C.J. and Leola Porter on June 11, 1983. Mr. Porter was a director of the bank and had permitted the employees to use his lake property at least once before. Swimming and water skiing were expected functions at the picnic.
Michael Locke was one of the invited guests at the outing. He arrived at approximately 10:30 in the morning. He ran down the right side of the property to the beach, where he left his sunglasses, jersey and hat. To his right, at an unspecified distance, but closer to Mr. Porter’s property than the next house to the right, was a floating dock partially beached. Michael thought about pushing it out into the water and diving from it but decided to get wet first. The dock was anchored by means of *1350 a line connected to a five gallon bucket of concrete on the lake bottom.
The record does not disclose the location of the dock anchor at the time Michael entered the water, but it is reasonable to infer that it was in shallow water ahead of Michael on a sufficient length of line to allow the dock to pivot to the beach and that the dock could float freely over or around the anchor. Michael ran a short distance into the water, dove forward, and struck his head, thereby breaking his neck. The dock was later moved into deeper water, either by pivoting on the anchor line or by actually moving the anchor to deeper water. Expert testimony indicates that Michael's injury is consistent with striking a submerged object rising from the bottom of the lake and inconsistent with striking the gently sloping lake bottom. It is reasonable to infer that Michael struck the dock anchor.
The inferences logically drawn in the above factual scenario defeat the defendants’ motion for summary judgment. The disposition of the motion for summary judgment is not governed by the trial judge’s opinion of the likelihood that a jury will believe the evidence presented by the plaintiffs, or the likelihood that a jury will draw the reasonable inferences from that evidence which would support a verdict in favor of the plaintiffs. Neither may the disposition be governed by the fact that there is presented evidence which conflicts with or negates the scenario. The burden is on the defendants to conclusively show the nonexistence of genuine issues of material fact, and that under the uncontroverted facts the plaintiffs cannot prevail.
The trial judge’s observation that plaintiffs’ case is based on “conjecture” and “guess work” is an impermissible weighing of the evidence, and not a determination that, resolving all facts and inferences against the defendants, there exist no genuine issues of material fact and defendants are entitled to judgment in their favor as a matter of law. Where, as here, a triable issue is presented, it is error to preclude its consideration by a jury.
The summary judgment of the trial court is REVERSED.
WENTWORTH, J., concurs.
SMITH, J., concurs specially with written opinion.