## BAKER, et al. v ALLSTATE INDEMNITY COMPANY, etc.
### Case No. 90-605 CA
Nineteenth Judicial Circuit, Martin County
February 28, 1991

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

*ORDER ON FINAL SUMMARY JUDGMENT*

The Parties, Plaintiff and Defendant have each moved for Final Summary Judgment based on the following undisputed facts. Plaintiff, a commercial fisherman, was working with John Smith and John Donnelly. The trio left their fishing craft at around noon and went to Smith's truck. The Plaintiff and Smith had been engaging in what all concede was horseplay concerning a 14″ sheathed knife used in fishing. The undisputed evidence indicates that the knife had been given to Plaintiff by another fisherman. Smith prior to the trio going to the truck had obtained possession of the knife. The truck in question was a

pick-up truck with a cab that could seat three people. Smith was behind the wheel. Donnelly, described as a big man, was seated in the middle and Plaintiff was in the passenger seat. The undisputed facts further reveal that prior to going to the truck, Smith had unsheathed the knife and that Plaintiff was unaware of this. Baker reached around Donnelly and grabbed the knife blade, described as razor sharp, injuring himself. S. M. Baker at pgs. 21 and 34 of his deposition indicated that Donnelly obstructed his view and he would not have reached for the knife had he been able to see that it was unsheathed. Plaintiff duly brought a first party PIP action against Defendant, his carrier and as indicated both parties' have moved for Summary Final Judgment on the above stipulated facts.

At the outset the Florida Supreme Court in *Geico v Novak,* 453 So.2d 1116 (Fla. 1984) has indicated that in determining entitlement to benefits under the PIP statute the clause:

"Arising out of the use of a motor vehicle is framed in such general comprehensive terms in order to express the intent to effect broad coverage." Id. at 1119

Such terms, the Court held, should be liberally construed "because their function is to extend coverage broadly." Id. It is also axiomatic that coverage is not available if the auto is a mere situs of an injury. *(Quarles v State Farm Mutual Insurance,* 533 So.2d 809, 810 (Fla. 5th DCA 1988)). Thus, while not requiring proximate cause there must be a causal relationship between the use of the vehicle and the resulting injury. In the Court's view, the present undisputed facts could support two inferences. One that because Donnelly was present in the middle seat and the parties were *de facto* using the vehicle, the obstruction of Plaintiff's view caused by the seating in the pick-up truck arose from use of the vehicle. A second conclusion a fact finder could reach is that the horseplay alone was the cause of this injury that would have occurred in any event. This conclusion would preclude coverage. *(Gaunt v Gaunt,* 326 So.2d 49 (Fla. 2d DCA 1976)).

When uncontradicted facts can support two inferences, Summary Judgment is not appropriate. *(Locke v Bank of Washington,* 501 So.2d 1349 (Fla. 1st DCA 1987).

In my view that is the present situation and, therefore, *both* Motions are denied.

DONE AND ORDERED in Chambers, Stuart, Martin County, Florida, this 28th day of February, 1991.