291 So.2d 211 (1974)
Sidney J. PECK, Appellant,
v.
Leatrice K. PECK, Appellee.
No. 72-739.
District Court of Appeal of Florida, Fourth District.
February 15, 1974.
Rehearing Denied April 1, 1974.
*212 Ronald B. Sladon, Ft. Lauderdale, and Mallory H. Horton, of Horton & Perse, Miami, for appellant.
Donald H. Norman, of Ross, Norman & Cory, Ft. Lauderdale, for appellee.
PER CURIAM.
A 1943 marriage which produced two now minor children was dissolved at the husband's behest. Being dissatisfied, he appeals from certain final judgment provisos.
Shortly, the wife received custody of the children and child support of $500.00 monthly in toto. She was awarded $1,500.00 monthly permanent periodic alimony. The wife's total ownership in the family home was confirmed, and other complicated financial and property problems were definitively adjudicated.
We find reversible error in two particulars, only:
First, the parties were equal partners in a partnership known as "Hunt-n-Peck", to conduct the business of raising, breeding, training and selling horses. They negotiated a bank loan of $25,000.00 to purchase a horse known as "Chance Step" which became an asset of the partnership. Subsequently, appellant persuaded appellee that the partnership note would be a good investment for part of $30,000.00 which appellee had inherited, and which formed the corpus of the "Katz Trust", of which appellee was trustee. As a consequence, *213 $25,000.00 of these funds was used to discharge the bank obligation. The court determined appellant to be the sole obligor on this debt to the Katz Trust and ordered him to repay the same to appellee wife, as trustee, within two years. The obligation to repay this debt to appellee as trustee of the Katz Trust was a joint obligation of appellant and appellee.
Appellant and appellee jointly created for their children a separate trust, known as the "Peck Trust", of which they were co-trustees. Appellant, as co-trustee, loaned $10,000 of Peck Trust funds to appellant's brother, evidenced by the latter's promissory note. The court ordered appellant to repay to the Peck Trust the principal and accrued interest on this loan. There was no evidence to indicate that appellant violated his fiduciary responsibility or was guilty of any conduct which would preclude the trustees from collecting this debt from appellant's brother as and when the same matures. It was thus error to hold appellant personally liable for repayment of such obligation.
No error has been demonstrated as to the remaining loans which appellant was ordered to repay, as there is in the record evidence to support a finding that the proceeds of such were used by appellant for his individual interests rather than for the mutual and joint benefit of the parties.
In summary, Paragraph 10 of the final judgment should be modified to provide that appellant and appellee are joint obligors on the loan of $25,000.00 owed to appellee as trustee of the Katz Trust, and Paragraph 12 of the final judgment should be modified by eliminating appellant's obligation for repayment to the Peck Trust of either principal or interest of the $10,000.00 loan made by the Peck Trust to appellant's brother, Harold Peck.
Second, we are of the opinion that the award of permanent periodic alimony represents an abuse of discretion.
The parties are each duly licensed and qualified medical doctors. They practiced together as physicians for the past 25 years or so and have enjoyed a handsome financial return. While, because of the relationship of the parties, the husband was the more aggressive and successful money maker and the wife played more of a supportive or back up role, it is manifest that the wife has a substantial earning capacity and is abundantly able to make her own way and living by almost any standard. See Roberts v. Roberts, Fla.App. 1973, 283 So.2d 396. From the record she is clearly capable of earning in excess of $30,000 per annum. As we view the respective expenses, incomes and productive capacities of the parties, there can be justified at best and most only rehabilitative alimony for a short period, which alimony would afford the wife a more than adequate opportunity to adjust to her new circumstance. See F.S. 61.08, F.S.A., Laws of Florida 1971.
We think particularly apt the observation of Mr. Justice Roberts in Kahn v. Kahn, Fla. 1955, 78 So.2d 367, at p. 368:
"The broad, practically unlimited opportunities for women in the business world of today are a matter of common knowledge. Thus, in an era where the opportunities for self-support by the wife are so abundant, the fact that the marriage has been brought to an end because of the fault of the husband does not necessarily entitle the wife to be forever supported by a former husband who has little, if any, more economic advantages than she has. We do not construe the marriage status, once achieved, as conferring on the former wife of a shipwrecked marriage the right to live a life of veritable ease with no effort and little incentive on her part to apply such talent as she may possess to making her own way."
Thus, as to alimony, we opine that the award must be reversed and on remand the trial court is respectfully instructed to *214 forthwith terminate such payments. The appealed judgment was entered on June 30, 1972, and all payments since made by the husband to the wife, that is to say, payments in the interim between the entry of judgment and the issuance of our mandate, shall be retained by her justified and denominated as her award of rehabilitative alimony.
The judgment is reversed in part and affirmed in part and remanded for further proceedings consistent herewith.
Affirmed in part; reversed in part and remanded.
OWEN, C.J., WALDEN, J., and SMITH, CULVER, Associate Judge, concur.