303 So.2d 32 (1974)
Madge P. BALL, Appellant,
v.
Dexter C. BALL, Appellee.
No. 73-1065.
District Court of Appeal of Florida, Second District.
November 13, 1974.
Ernest S. Marshall, Bradenton, for appellant.
Floyd R. Cox, Bradenton, for appellee.
GRIMES, Judge.
This case turns on whether the trial judge was correct when he held that where a wife's separate funds are used to acquire property in which title is taken as tenants by the entirety, she is presumed to have made a gift to her husband. In years past a contrary rule obtained. Allen v. Allen, Fla.App. 2d, 1960, 123 So.2d 355; Olsen v. Olsen, Fla.App. 3d, 1967, 195 So.2d 864. Indeed, a counter-presumption existed, viz., that the wife's equity from her separate estate is being held by her husband for her in trust. Pyle v. Pyle, Fla. 1951, 53 So.2d 312; Mays v. Mays, Fla. App. 3d, 1967, 203 So.2d 674. In 1971 our sister court in Steinhauer v. Steinhauer, Fla.App. 4th, 1971, 252 So.2d 825, held for the first time that under such circumstances a gift is presumed, just as it has always been presumed if the property was acquired in similar manner from the husband's funds. On subsequent occasions the Fourth District Court has reaffirmed the principles of Steinhauer. E.g. Davis v. Davis, Fla.App. 4th, 1973, 282 So.2d 655; Rey v. Rey, Fla.App. 4th, 1973, 279 So.2d 360.
We believe there can be little doubt that Steinhauer properly states the current law with respect to these presumptions. As related to the instant case, since property rights are affected, it is important to determine when the presumption of a resulting trust in favor of the wife was replaced by the presumption of a gift. Since everyone is presumed to know the law (a presumption of continuing viability), if the transactions in question were made at a *33 time when the old presumption applied, it would not be proper to apply the new presumption. While a reasonable argument could be made that the date of the change was coincidental with the passage of the new law on dissolution of marriages effective July 1, 1971, we believe that the change more properly relates to the adoption of our 1968 Constitution. This was the predicate for changing the rule with respect to the wife's claim for loss of consortium in Gates v. Foley, Fla. 1971, 247 So.2d 40. Of particular significance is Article X, § 5 of the new Constitution which reads:
"There shall be no distinction between married women and married men in the holding, control, disposition, or encumbering of their property, both real and personal; ..."
Since the earliest acquisition in this case occurred after 1968, the new presumption applied. Hence, the judge's statement of the law was correct and fully applicable to the facts of the case.
Affirmed.
McNULTY, C.J., and BOARDMAN, J., concur.