HOBSON, Acting C. J.
Appellant husband appeals a final judgment in a dissolution of marriage proceeding wherein the court ruled that a presumption of gift is not created when the wife’s separate funds are used to acquire property in which title is taken by husband and wife as tenants by the entirety. The property involved was acquired subsequent to 1968.
It is apparent from reading the final judgment that the trial court placed the burden of proving a gift upon the husband. At the time of trial the lower court was unaware of the position that this court has now taken on this question. In Ball v. Ball, Fla.App., 303 So.2d 32, opinion filed November 13, 1974, this court held that under these circumstances where the wife’s separate funds are used to acquire property which is taken in both the husband and wife’s names, a presumption of a gift to the husband is created just as it had always been presumed that a gift to the wife was created if the property were acquired from the husband’s funds.
In Ball we held that upon the adoption of our 1968 Constitution, particularly Article X, Section S, which reads:
“There shall be no distinction between married women and married men in the holding, control, disposition or enumber-ing of their property, both real and personal; . . .”
the distinction between married women and married men was eliminated. By the abol-ishment of this distinction a presumption of gift is created when either the husband’s or the wife’s separate funds are used to acquire property taken in both their names.
In fairness to both parties, we feel that this cause should be remanded with the privilege of either party to replead and prosecute this cause under the law as set forth in Ball, supra.
The other point on appeal is found to be without merit.
Reversed and remanded for further proceedings as outlined above.
BOARDMAN and GRIMES, JJ., concur.