McNULTY, Chief Judge.
In this appeal from a final judgment of dissolution of marriage appellant-wife seeks reversal of several of the financial aspects thereof.
Her only meritorious point relates to certain stock taken in the names of the parties jointly but purchased with the wife’s separate funds. She contends that the trial court erred in failing to award her total ownership of such stock.
To begin with, the record is virtually silent as to the date of purchase of this stock. This is of critical importance in light of this court’s Recent decision in Ball v. Ball[1] wherein we held that since the removal of any distinction between married men and married women in the holding, controlling and disposition of their separate properties by the new, 1968 Florida Constitution, equal presumptions of a gift arise as between husband and wife no matter with whose money a jointly-owned asset is purchased. Prior to that time, of course, with respect to a purchase of jointly owned assets with the wife’s monies, a counter-presumption existed, i. e., that the husband held his interest in trust for the wife.[2] We concluded in Ball, then, that if the purchase of the asset in question preceded the adoption of the 1968 Constitution the old rule applied; if it was after, the new rule applied.
Now, while we could affirm for the reason that appellant-wife has failed clearly to make error appear, we think it would be unfair to do so here for the reason that our decision in Ball, supra, had not been rendered. Accordingly, neither the court nor either of counsel could have been guided by its mandate; which unquestionably explains the absence of any evidence on either side of the question of presumptions. We think it propitious, therefore, that that portion of the judgment relating to the aforementioned jointly owned stock should be set aside and the cause remanded for the taking of such further testimony as may be necessary in light of our decision in Ball, supra.
In view whereof, the judgment appealed from is affirmed in part and reversed in part and the cause is remanded for the purposes aforesaid.
BOARDMAN and GRIMES, JJ., concur.

. (Fla.App.2d 1974), 303 So.2d 32.

. See Pyle v. Pyle (Fla.1951), 53 So.2d 312; Mays v. Mays (Fla.App. 3d, 1967), 203 So.2d 674.