WALDEN, Judge.
We hold that the trial court abused its discretion and erred in awarding perma *545 nent periodic alimony in the sum of $181.-50 monthly to the wife in a dissolution of marriage proceeding. We reverse and remand with respectful instructions to reduce such award to the sum of $35.00 monthly.
The parties had previously and amicably divided their real and personal property. The wife prayed for only a dissolution, alimony and attorney fees. Regardless, the trial court on its own motion in a colloquy with counsel adjusted and divided the respective prospective retirement benefits and awarded the difference to the wife as “alimony.”
We find that the trial court erred in dividing the husband’s retirement asset without considering the wife’s needs and the husband’s ability to pay. Such criteria are crucial and indispensable to an alimony award. Peck v. Peck, 291 So.2d 211 (4th DCA Fla.1974) ; Thigpen v. Thigpen, 277 So.2d 583 (1st DCA Fla.1974); 10A Fla.Jur., Dissolution of Marriage § 53 (1973).
The only matters of record before the trial court relevant and material to alimony were the detailed financial affidavits of the parties. According to the wife’s affidavit, she needed only $34.77 monthly. The husband had the ability to pay this sum. Thus the award should be in this amount (which we round off to $35.00). Of course, as and when the circumstances of the parties are shown to have changed materially, the trial court will be in a position to adjust the award.
While the basis for the lump sum award of alimony of $1,390.95 is marginal, we invoke the presumption of correctness and find that reversible error has not been shown as to it.
Reversed and remanded for further proceedings consistent herewith.
MAGER, J., and GRIDLEY, WILLIAM C., Associate Judge, concur.