PER CURIAM.
Appellant-husband, Richard Coulton, appeals from a final judgment of dissolution of marriage wherein appellee-wife was awarded the entire fee interest in the marital home as special equity. We reverse.
The operative facts are these. While married, the parties and their children were injured in an auto accident. As a result, a settlement check was issued payable to appellant and appellee “jointly, individually and on behalf of the children.” Although the settlement agreement provided for a division of the funds as between each child’s separate estate, no similar distinction was made between the estates of each parent. Upon receipt of the check, the childrens’ designated funds were invested in certificates of deposit in the names of each. The parents’ funds were not further segregated but were deposited in a joint savings account to which each had equal rights.
Thereafter, a portion of the settlement award was withdrawn from the account and used to purchase the marital home now at issue. Title to the property was held by the parties as tenants by the entirety. The remaining portion of the account was otherwise spent.
Following dissolution proceedings initiated by the husband, the trial court rendered a final judgment which among other things awarded appellee the entire fee interest in the marital home as a special equity upon a finding that she furnished the entire proceeds for the purchase of the home. This finding was apparently predicated on the assumed fact that the wife was the more seriously injured in the accident and, therefore, the lion’s share of the parents’ settlement was really hers.
Notwithstanding, it is now settled in this state that where one spouse provides the greater portion of the purchase price for the marital property held by the entirety the law will presume a gift by that spouse to the extent of whatever interest is necessary to vest a one-half interest in the purchased property in the other spouse.[1] This presumption of a donative intent may, of course, be rebutted by a showing of a contrary intent.[2]
Undisputedly, here, upon receipt of the settlement, the parties rather than segregating their share of the funds chose to treat the award as joint and co-equal property by putting it into a joint savings account where each had equal rights thereto. *535 Certainly such treatment is indicative of an intention of joint ownership, regardless of the initial source or relative interest therein, and the mutual contributions are presumed to be gifts. This presumption is indeed fortified by the withdrawal from the account and investing in entireties real estate. Nothing rebutted this.
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
McNULTY, C. J., and BOARDMAN and SCHEB, JJ., concur.

. See Farris v. Farris (Fla.App. 2d, 1975), 304 So.2d 526; Steinhauer v. Steinhauer (Fla.App. 4th, 1971), 252 So.2d 825.

. See Hanzelik v. Hanzelik (Fla.App. 4th, 1974), 294 So.2d 116.