347 So.2d 478 (1977)
David JASSY, Appellant,
v.
Edith Partrich JASSY, Appellee.
No. 76-1736.
District Court of Appeal of Florida, Second District.
July 1, 1977.
*479 Johnson S. Savary, Kirk, Pinkerton, Sparrow, McClelland & Savary, Sarasota, for appellant.
William H. Shields, Pavese, Shields, Garner, Haverfield & Kluttz, Fort Myers, for appellee.
SCHEB, Judge.
In this appeal from a dissolution of marriage judgment appellant/husband challenges monetary and property awards in favor of appellee/wife. Specifically, the husband contends the trial court erred in: 1) granting his wife rehabilitative alimony; 2) awarding her the marital home on finding of special equity in her favor and in addition requiring him to continue to pay one-half of the mortgage payments; and, 3) ordering him to pay the wife's attorney's fees.
We conclude that, with one exception, the awards were within the parameters of judicial discretion. The one exception is the requirement the trial judge imposed upon the husband to pay one-half of the mortgage payments on the former marital home in which he has no further interest. As to this one point, we reverse; otherwise, we affirm.
Essentially, the facts are these: Mr. and Mrs. Jassy were married in Michigan in 1969. No children were born of this union, which was a second marriage for each of the parties. They moved to Florida where they separated in 1975. He is now 58, she is 55 and both are in apparent good health. The husband is a substantial developer who has considerable investments in real estate *480 ventures. The extent and diversity of the husband's assets make it difficult to accurately portray their value; however, there is no issue as to his ability to adequately provide for the legitimate and reasonable needs of the wife. Rather, the issue is the extent of the wife's entitlement. The wife, who has a high school education, was employed for only the first eight or nine months of the marriage, but for many years prior to the marriage was a secretary and real estate salesperson. At the time of the dissolution the wife owned the following assets in her name alone: a twenty-acre tract of land received from her husband in which she has an equity of between $27,000 and $37,000;[1] a small share in a commercial building which yields income of about $168 per year; personal jewelry worth between $1,000 and $3,000; a 1973 automobile; and, 1,000 shares of stock worth between $1,000 and $3,000. In addition to the husband's substantial interests in his own regard the parties owned a substantial amount of property, jointly: a mortgage with a balance due of approximately $75,000, from which they received approximately $14,000 per year; the marital home worth from $45,000 to $65,000; and 32,000 shares of stock worth between $32,000 and $100,000.
The trial judge granted the wife rehabilitative alimony of $600 per month for 36 months. She was awarded the jointly owned marital homeplace upon finding of a special equity in her favor. In addition, the trial court imposed upon the husband a requirement that he pay one-half of all mortgage payments on the former homeplace until the mortgage loan is completely liquidated. The trial judge also awarded the wife $2,500 in payment of her attorney's fee.
It appears to us that after dissolution the wife should receive from her share of the former jointly owned mortgage the sum of approximately $7,000 per year for the next four or five years. In addition, she should receive $168 per year from her minimal interest in the commercial building. She is obligated to pay mortgage payments on the tract of land she received from her former husband. She contends the mortgage payments, when combined with her monthly expenses, will result in a negative cash flow, even considering the amount of rehabilitative alimony which she will receive.
The real thrust of this appeal is the husband's contention that the trial judge abused his discretion in the awards made to the wife in the dissolution of a second venture, childless marriage of something short of seven years.

Rehabilitative Alimony
We have no difficulty in sustaining the trial court's award of rehabilitative alimony for thirty-six months. At best, a woman 55 years old with a high school education and no work experience during the past seven years will find difficulty competing in today's job market. This is the type situation which demonstrates the need for rehabilitative alimony. As Judge McNulty said in Mertz v. Mertz, 287 So.2d 691 (Fla.2d DCA 1973), rehabilitative alimony contemplates sums necessary to assist a divorced person in regaining a useful and constructive role in society through vocational and therapeutic training or retraining.
Here, the wife's secretarial skills and real estate experience in another state probably would be of only limited assistance to her at this time. Retraining will assist her to develop a potential to maintain a decent and dignified lifestyle somewhat in keeping with what she has known. She plans to work toward a degree in business finance. Initially, she intends to pursue her studies at a local junior college with expectation of completing her degree requirements at a state university. We commonly think of rehabilitative alimony in terms of a somewhat younger spouse when it relates to retraining. Yet, the wife is in apparent good health and considering the increased longevity of the female sex it was within the trial judge's discretion to conclude her *481 goal was an appropriate one and that she has the potential to realize her objective. Once the trial judge so concluded it was incumbent upon him to require the husband, who was financially able to furnish the assistance, to provide necessary funds to accomplish the rehabilitation. Moses v. Moses, 344 So.2d 1322 (Fla.2d DCA 1977).

Award of Special Equity
We reject the husband's claim that the wife could not assert a special equity on the grounds that it was not specifically pleaded. The matter was sufficiently embraced within the pretrial order to place the husband on notice that her claim was an issue before the court. Moreover, testimony was introduced by the wife on the subject without objection by the husband. Fla. R.Civ.P. 1.190(b); see also Community Cablecasting Corp. v. Daniels & Associates, Inc., 215 So.2d 17 (Fla.1st DCA 1968).
The evidence discloses that when the wife entered the marriage she sold her house, which was her only substantial asset, for $25,000, receiving $15,000 cash. She turned this sum over to her new husband and another house was purchased in Michigan with title taken in their joint names. When that home was sold the proceeds went into the purchase of a marital residence in Florida acquired by the parties as tenants by the entireties. She testified he promised she would receive back her $15,000. This home, which the wife valued at $45,000, is encumbered by a $30,000 mortgage. Under the applicable decisional law, where one spouse contributes to purchase of a jointly owned home it has been held to be presumed a gift to the other spouse. Ball v. Ball, 303 So.2d 32 (Fla.2d DCA 1974).[2] The presumption, of course, is a rebuttable one. Coulton v. Coulton, 330 So.2d 533 (Fla.2d DCA 1976). There was evidence that certain gifts of property were made to the wife by the husband. Appellant points primarily to the tract of encumbered land he gave to his wife and argues that the court should have found this and other gifts had more than compensated the wife for her investment in the homeplace. Implicit in the trial judge's order is a rejection of the husband's position on this point.
The trial judge awarded the special equity based upon a finding that the "proceeds from the home she owned prior to her marriage... were used in acquisition of the [Florida] home." A fair reading of the record reveals substantial and competent evidence of a clear and convincing character from which the trial judge could have properly concluded that the wife's contribution was made with the specific understanding that her contribution would be returned to her. Therefore, we cannot disturb this finding which is clothed with the presumption of correctness.
The requirement imposed by the trial judge that the husband continue to pay one-half of the mortgage payments on the marital homeplace in which he has no further interest is somewhat novel. There was no provision that the requirement was to cease upon the death or remarriage of the wife or even upon the sale of the residence. The requirement could obviously not be considered child support, as there were no children. Nor could it be considered rehabilitative alimony, as the trial judge found only a three-year need for such alimony. In contrast, the mortgage payments are to continue for seventeen years. Nor can we consider it to be permanent alimony, as the trial judge found that the wife's needs could be adequately met through rehabilitative alimony and without the need for permanent alimony. Since this requirement is *482 incompatible with established concepts of support or alimony, it was error for the trial court to impose it upon the husband.

Attorney's Fees
The purpose of awarding attorney's fees in a dissolution of marriage proceeding is to insure both parties will reasonably have the same ability to secure competent legal counsel. Mertz v. Mertz, supra. While the wife possessed assets, it would have been difficult for her to liquidate them in time to discharge her obligation to her attorneys. She testified that her cash assets consisted of approximately $2,000 when she filed for dissolution but had dwindled to approximately $1,300 by the time of the final hearing. Her immediate cash position did not lend itself to securing representation without considerable difficulties which likely would have resulted from a premature rearrangement of her finances. Whether to grant attorney's fees in this proceeding was a matter of sound discretion for the court. The trial judge obviously intended to place the wife on an equal footing with her husband in regard to her present ability to secure representation. We cannot say the trial judge abused his discretion in requiring the husband to pay $2,500, an amount which counsel for both parties agreed was very reasonable under the circumstances of this case.
Accordingly, that part of paragraph 4 of the final judgment entered August 27, 1976, which states:
"Respondent is also directed to pay one-half of the mortgage which constitutes a first lien on that property in installments as they mature until the loan is completely liquidated."
is stricken. Otherwise, the judgment of the trial court is affirmed.
HOBSON, Acting C.J., and GRIMES, J., concur.
NOTES
[1] The discrepancy in valuations results from the wide variance in estimates with the higher estimates by the husband and the correspondingly lower estimates by the wife.
[2] It is noted that this case was reversed by the supreme court in Ball v. Ball, 335 So.2d 5 (Fla. 1976). There it was held that there is no presumption of a gift in jointly owned marital real estate, but that either husband or wife may demonstrate a special equity in the property. However, in order to avoid the spate of appeals that would have resulted from retroactive application of the doctrine, the supreme court said that it "shall apply only to dissolution proceedings instituted after the date this opinion becomes final." 335 So.2d at 8. The opinion was announced on June 30, 1976, but Ms. Jassy had initiated the dissolution proceedings in December of 1975. Therefore, the law as it stood before the supreme court's Ball opinion must govern.