380 So.2d 1098 (1980)
Lynne D. HOLLEY, Appellant,
v.
Charles R. HOLLEY, Appellee.
No. 79-543.
District Court of Appeal of Florida, Second District.
February 22, 1980.
Rehearing Denied March 13, 1980.
*1099 Lynne D. Holley, pro se.
Lawrence D. Martin, of Vega, Brown, Nichols, Stanley & Martin, Naples, for appellee.
SCHEB, Judge.
Appellant, Lynne D. Holley, contends the trial court abused its discretion in denying her claims for alimony and other relief in a dissolution of marriage proceeding. To the extent the trial court failed to award her rehabilitative alimony for a period of time necessary to re-establish herself in the practice of law, we agree and, on that point, reverse.
Appellant and appellee, Charles R. Holley, were married in July 1972. Each has been a member of the Florida Bar for over thirty years and has served in the state judiciary. The husband is 54; the wife, 52. No children were born of the marriage.
After almost six years of marriage, the parties separated in May 1978. The husband petitioned for dissolution and wife counterpetitioned for alimony, attorney's fees and a sum representing her contributions to her husband's assets and his career.
During the marriage the husband practiced law in Collier County from a building owned by the wife. He made the mortgage payments and paid taxes, insurance and maintenance expenses on the building. Throughout the marriage the parties lived in a home owned by the wife. The wife left her position as county judge in Collier County in January 1975 after an unsuccessful candidacy for a circuit judgeship. Although she did not practice law thereafter, she assisted the husband in an unsuccessful state-wide judicial campaign in 1976, worked as a secretary for him for a time, and assisted him when he authored a law book.
The evidence revealed that, at the time of final hearing, the husband's assets consisted *1100 primarily of cash and an ongoing law practice. His net income for the year 1978 was at least $45,000. Although the wife's income was negligible, she had cash, securities and substantial real estate. While it appears that the wife's assets exceed the husband's, the trial judge concluded that if the husband's legal work in progress was taken into account, his assets could be as high as the wife's. The court noted that the parties had approximately equal liabilities.
The trial judge also noted that while the husband was at the peak of his ability to practice law, the wife was beginning her practice after a four-year absence from professional contacts. The court recognized that the wife would incur the expense of setting up her own law practice. Yet it balanced this against the husband's having to face the expenses of relocating his home and office, along with his continuing obligation to pay child support for his child from his previous marriage. The court then concluded that in setting up a law practice the wife would not be depleting her assets but, rather, would be investing them toward the production of future income. Hence, the court reasoned there was no necessity to award alimony to her.
At the outset we recognize that the law vests broad discretion in the trial court in determining amounts required for alimony and support. The corollary to this principle is that absent a clear showing of abuse of discretion, we must uphold the judgment of the trial court. Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976).
We find no reason to disturb the trial court's denial of the wife's claims for award of permanent alimony or other sums to compensate her for her contributions to the marriage and her husband's career. The wife contends that because she provided the parties' marital home, owned the building from which the husband practiced law, and provided services to the husband, that she is entitled to a special equity toward building her husband's law practice. The wife, however, retained both the home and the building following the dissolution of the parties' marriage. Further, we do not think the services provided by the wife were "made over and above the performance of normal marital duties." Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); see § 61.08, Fla. Stat. (1979).
Likewise, the wife was not entitled to an award of permanent alimony. This was a second marriage for each of the parties and it lasted only six years. The wife's assets were sufficient to enable her to provide for herself and her education and experience should have enabled her to successfully reintegrate herself into the practice of law. Thus, permanent alimony was not warranted. Peck v. Peck, 291 So.2d 211 (Fla. 4th DCA), cert. denied, 301 So.2d 776 (Fla. 1974). The wife's reliance on Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975), is misplaced. There, the wife in a long term marriage had foregone a career to raise children and manage the home and, thus, did not have the opportunity to develop marketable skills.
Here, there seems to be no serious question as to the wife's ability to establish herself in a successful practice. In addition to having served as a county judge, she has served as a small claims court judge, school board attorney, and public defender. The wife does have a liquidity problem, however. Because her assets consist primarily of real property, she will require a reasonable time to readjust them to capitalize her law practice and sustain herself until it provides sufficient income.
As in In re Marriage of Jones, 357 So.2d 439 (Fla. 2d DCA 1978), there is a great disparity between the present income of the parties. At the time of the final hearing, the wife was just recommencing practice after having not actively practiced law since 1972. It will undoubtedly require a reasonable period for her to establish a productive law practice.
We recognize that the wife has capital assets, but the law does not require her to use these during rehabilitation to maintain some semblance of the standard of living she enjoyed with her husband. Jassy v. Jassy, 347 So.2d 478 (Fla. 2d DCA 1977); *1101 Gordon v. Gordon, 204 So.2d 734 (Fla. 3d DCA 1967). The husband has the ability to provide rehabilitative alimony and this, it would seem, is the proper mechanism to assist the wife to recommence her law practice. See Mertz v. Mertz, 287 So.2d 691 (Fla. 2d DCA 1973).
Accordingly, we reverse the trial court's denial of alimony, and remand for an award of rehabilitative alimony to the wife in an amount and for a period which the trial court determines necessary. Otherwise, we affirm the final judgment of dissolution. Since more than one year has passed since the trial court entered the final judgment of dissolution, the court may now find it appropriate to hear additional testimony to determine the actual needs of the wife since the final judgment, as well as evaluate any prospective needs and the husband's ability to respond. See DeHart v. DeHart, 360 So.2d 1285 (Fla. 2d DCA 1978). The trial court's award to the wife may take the form of lump sum for the retroactive period, or may be payable in such other manner as the court determines to be equitable upon consideration of all the circumstances.
GRIMES, C.J., and OTT, J., concur.