462 So.2d 883 (1985)
Anne B. BLAKISTONE, Appellant,
v.
John R. BLAKISTONE, Appellee.
No. 84-1372.
District Court of Appeal of Florida, Second District.
February 1, 1985.
*884 Brenda Coker Wilson, Faerber & Wilson, Naples, for appellant.
Jeffrey C. Quinn and Louis Erickson, Sparkman, Erickson & Quinn, Naples, for appellee.
PER CURIAM.
Appellant Anne Blakistone appeals from the final judgment of dissolution of marriage. As her primary point on appeal, appellant contends the trial court's $50,000 lump sum alimony award is insufficient to meet her needs and should be supplemented with permanent periodic alimony. We agree.
The parties were married for forty-two years with appellee serving as the breadwinner and appellant performing the traditional role of homemaker. The sixty-five-year-old appellant has a high school education but has not worked in forty-four years. Appellee, on the other hand, is a college graduate who has worked as a mortgage analyst and real estate appraiser.
At the time of the final hearing, both parties each possessed well over $200,000 in assets. The parties' financial affidavits, however, reveal a substantial disparity in incomes. While appellee generates income, including two government pensions, of approximately $81,000 a year, appellant derives only $15,000 a year from the investment of her cash and the dividends from her stock. Moreover, appellant's investment income fails to cover her living expenses.
We think these circumstances demonstrate the need of appellant for and the ability of appellee to provide permanent periodic alimony. We realize, of course, that appellant has other assets of significant value, but the law does not require her to deplete those assets to maintain the standard of living she enjoyed while married. De Cenzo v. De Cenzo, 433 So.2d 1316 (Fla. 3d DCA 1983); Holley v. Holley, 380 So.2d 1098 (Fla. 2d DCA 1980); Gordon v. Gordon, 204 So.2d 734 (Fla. 3d DCA 1967).
Accordingly, we remand the cause to the trial court for an award of permanent periodic alimony in an amount the trial court determines necessary. Additionally, the trial court should reserve jurisdiction to allow either party to petition the court for modification of the award. The final judgment of dissolution is otherwise affirmed.
CAMPBELL, A.C.J., and SCHOONOVER, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.