SHARP, Judge,
concurring in part.
While I agree the judgment should be reversed because of the inequitable property distribution, I think we should not tie the trial judge’s hands by foreclosing the possibility of an alimony award in this ease.[1] Equitable distribution of marital properties and alimony awards are often interrelated, and should be viewed in the totality of the parties’ economic posture following the dissolution.[2] A less than equal property distribution may be justified when periodic alimony is awarded.[3]
In this case there are facts which would support at least a rehabilitative alimony award: the former wife was unemployed; she was educated in Germany, but it will take her at least two years of college work to obtain a degree from an American college or university to enable her to obtain a teaching position; she has no income other than the support her husband paid to her. The property distribution may not afford her a sufficient income to support herself and obtain the additional training she needs to become self-supporting.[4] That was clearly the situation with regard to the judgment we are reversing.

. Condren v. Condren, 475 So.2d 268 (Fla. 2d DCA 1985); Neff v. Neff, 386 So.2d 318 (Fla. 2d DCA 1980).

. Walter v. Walter, 464 So.2d 538 (Fla.1985), Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).

. See Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981).

. See Blakistone v. Blakistone, 462 So.2d 883 (Fla. 2d DCA 1985); In Re Marriage of Jones, 357 So.2d 439 (Fla. 2d DCA 1978).