541 So.2d 743 (1989)
Barbara J. KAUFMAN, Appellant,
v.
James M. KAUFMAN, Appellee.
No. 87-1974.
District Court of Appeal of Florida, Third District.
April 11, 1989.
Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, and Paul A. Louis and Bayard E. Heath and John L. Zavertnik, Miami, for appellant.
Genet & Milner and Donald G. Criscuolo, North Miami Beach, for appellee.
Before NESBITT and FERGUSON, JJ., and SCOTT, ROBERT, Associate Judge.
PER CURIAM.
In an earlier appeal of this case we directed that the judgment dissolving the marriage be amended to reserve jurisdiction "to award alimony in the future." Kaufman v. Kaufman, 491 So.2d 584 (Fla. 3d DCA 1986). Subsequently Mrs. Kaufman petitioned the court to make an award of periodic alimony by a modification of the final decree. She alleged a material change in circumstances. (It is agreed that the husband has the financial ability to pay any reasonable alimony award).
In paragraph two of the order denying the petition for modification, the court attributed any reduction in Mrs. Kaufman's liquidity to litigation costs and fees, school tuition, extraordinary medical expenses, and expenditures resulting from inadequate child support (rectified in a separate order). In paragraph four it was concluded:
The Court has considered that the interest rate has dropped since the Amended Final Judgment was entered on February 15, 1985 and that the cost of living has increased during that same period of time. However, the Court finds that there has not been a substantial change in the Petitioner's needs or circumstances in light of provisions of the Amended Final Judgment for Petitioner has not *744 depleted her capital assets for her own support needs during this time except as set forth in paragraph 2 hereinabove and therefore she has not demonstrated a need for alimony at this time.

(Emphasis added).
The law is settled that a wife is not required to deplete her capital assets in order to maintain a standard of living. Blakistone v. Blakistone, 462 So.2d 883 (Fla. 2d DCA 1985); De Cenzo v. De Cenzo, 433 So.2d 1316 (Fla. 3d DCA 1983); Holley v. Holley, 380 So.2d 1098 (Fla. 2d DCA 1980); Gordon v. Gordon, 204 So.2d 734 (Fla. 3d DCA 1967).
Accordingly, we remand the cause to the trial court with instructions to make a periodic alimony award sufficient to satisfy the demonstrated increased need. If, in the future, Barbara's assets should afford her a substantially greater income, this factor may be considered in any later review of alimony, along with any other material changes in the circumstances of the parties. Lutgert v. Lutgert, 362 So.2d 58, 62 (Fla. 2d DCA), cert. denied, 367 So.2d 1125 (Fla. 1979); In re Marriage of Jones, 357 So.2d 439 (Fla. 2d DCA 1978).
Reversed and remanded.