629 So.2d 1079 (1994)
In re The Marriage of Frederic H. WARREN, Appellant,
v.
Renee Elias WARREN, Appellee.
No. 93-277.
District Court of Appeal of Florida, Third District.
January 11, 1994.
*1080 Marsha C. Rosen, Miami, for appellant.
Maland & Ross and Lauri Waldman Ross, Miami, for appellee.
Before HUBBART, JORGENSON and COPE, JJ.
PER CURIAM.
The husband appeals from a Final Judgment of Dissolution of Marriage. We affirm in part, reverse in part, and remand.
In light of the parties' thirty-seven year marriage, their employment histories and prospects, and their previous lifestyle, the trial court's distribution of property and award to the wife of permanent periodic alimony was not an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); § 61.08, Fla. Stat. (1991). We therefore affirm the Final Judgment in all respects, save for the amount of alimony awarded.
The trial court erred in calculating the husband's income when it determined the amount of permanent alimony to award the wife. The court may in its discretion impute income to the husband based on past earnings and earning potential. Bascuas v. Bascuas, 538 So.2d 520 (Fla. 3d DCA 1989); Bielecki v. Bielecki, 505 So.2d 546 (Fla. 3d DCA), rev. dismissed, 511 So.2d 297 (Fla. 1987). In this case, however, the General Master erroneously calculated the imputed income based on the husband's past gross earnings, rather than the husband's previous net income.[1]See Wendroff v. Wendroff, 614 So.2d 590 (Fla. 1st DCA 1993) (trial court erroneously imputed income to husband based upon gross receipts; to determine correct imputed net disposable income, court should deduct expenses). Accordingly, we reverse that portion of the Final Judgment which, based on the findings of the General Master, awards the wife $4500 per month in permanent alimony. On remand, the trial court shall conduct an evidentiary hearing to determine the proper amount of income to impute to the husband, and shall then redetermine the amount of alimony to award to the wife.[2]
Affirmed in part; reversed in part; remanded with directions.
NOTES
[1] If we have misapprehended what the General Master did, then the findings need to be clarified. The husband contends that very substantial portions of the gross receipts (real estate commissions) were paid out to cooperating real estate brokers and for other bona fide business expenses. There is another error in the report of the General Master. She found that the husband's recent earnings as a real estate broker have been depressed because of a soft real estate market. In evaluating the husband's ability to pay alimony in the near term, the master considered, inter alia, the husband's ability to borrow against future commissions. The master found, in part, that the husband has the "ability to borrow against future unearned commissions... ." Report of General Master and Notice of Filing, Para. 5 (emphasis added). The wife concedes that this finding is in error. Although the husband has, from time to time, been able to borrow against future earned commissions, he is not able to borrow against future unearned commissions.
[2] We do not preclude the trial court from setting the same alimony award if there is a reasonable basis for determining that the husband has the ability to pay it.