661 So.2d 965 (1995)
Sandra Dale VITEK, Appellant,
v.
Anthony J. VITEK, Appellee.
No. 93-2947.
District Court of Appeal of Florida, Fifth District.
October 27, 1995.
*966 Marcia K. Lippincott of Marcia K. Lippincott, P.A., Orlando, for Appellant.
Mark S. Peters of Amari, Theriac & Eisenmenger, P.A., Cocoa, for Appellee.
PER CURIAM.
The appellant, Sandra Vitek, challenges the fairness of the trial court's final judgment of dissolution in regard to the equitable distribution of assets, the alimony award to her, and the denial of her request for an award of attorney's fees. We find no error in regard to the equitable distribution of assets or the denial of attorney's fees, but reverse and remand in respect to the alimony award since it is not supported by the requisite factual findings. See Moreno v. Moreno, 606 So.2d 1280 (Fla. 5th DCA 1992). A factor in the alimony award was the trial court's imputation of income to the wife; this finding also was improper in the absence of specific findings of fact supporting it. Kaminski v. Kaminski, 637 So.2d 284 (Fla. 5th DCA 1994).
Accordingly, we reverse and remand for reconsideration by the court of the alimony award.
DAUKSCH and COBB, JJ., concur.
THOMPSON, J., concurs in part, dissents in part, with opinion.
THOMPSON, Judge, concurring in part; dissenting in part.
I concur with the court's opinion, except with regard to the issues of the equitable distribution of assets and the denial of attorney's fees.
Sandra and Anthony Vitek were married for 36 years. The couple raised six children, all of whom are now adults. Anthony was employed full-time as a Baltimore County police officer from 1962 to 1986. He retired from this job because of a disability. Anthony also worked part-time for 31 years for several grocers. He receives a pension from both jobs. After moving to Florida, Anthony worked for the Cocoa Beach Police Department. Anthony was terminated from this position when he declined to return to work after being asked. Anthony had been treated by a physician for hypertension, depression, and elevated cholesterol. His doctor had not released him and had recommended that Anthony not return to work as a police officer because of his physical condition. Anthony was 54 years old at the time of the dissolution.
Infrequently, Sandra worked outside the home as a cashier. Sandra had six surgeries between 1976 and 1992. She has recurring knee and back pain and cannot take a job that requires standing for long periods of time. Sandra has no pension or retirement benefits, and alimony is her sole means of support. She finished her GED in 1991, and she is taking business classes to increase her marketability. Sandra was 55 years old at the time of the dissolution. Sandra has not worked for several years because of her health, and she has few marketable skills. Given her past record and her diligent but unsuccessful past efforts to find employment, it is doubtful that Sandra will be able to find employment in the future.
I first dissent from the majority's decision to affirm the trial court's equitable distribution of assets because, although the assets were divided equally, Anthony received almost twice the monthly income of Sandra. The distribution left Sandra with minimal liquid assets even though she is unable to work.
*967 I also dissent from the majority's decision to affirm the trial court's denial of an award of attorney's fees to Sandra. Our remand of this case for reconsideration of the imputation of income to Sandra will affect the award of alimony and the parties' relative financial statuses. If the trial court makes a truly equitable distribution of marital assets, Sandra will be financially able to pay her own attorney's fees and costs. Naugle v. Naugle, 632 So.2d 1146 (Fla. 5th DCA 1994); Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985); McIntyre v. McIntyre, 434 So.2d 61 (Fla. 5th DCA 1983). At this juncture, however, the evidence does not support the order requiring her to pay her own fees. For these reasons, I respectfully dissent.