724 So.2d 679 (1999)
Richard A. SHROVE, Appellant/Cross-Appellee,
v.
Anita SHROVE, Appellee/Cross-Appellant.
No. 97-3664.
District Court of Appeal of Florida, Fourth District.
January 20, 1999.
*681 Bruce H. Little of Bruce H. Little, P.A., Fort Lauderdale, for appellant/cross-appellee.
Lawrence France, P.A., North Miami Beach, and Deborah Marks, Aventura, for appellee/cross-appellant.

ON MOTION FOR REHEARING
WARNER, J.
We grant in part the rehearing, withdraw our previously issued opinion and substitute the following in its place.
The husband and wife both appeal the final judgment of dissolution of marriage. The husband complains about the amount and calculation of alimony and child support and the award of attorney's fees. The wife argues that she was entitled to prejudgment interest on the arrearages awarded. We hold that the trial court did not abuse its discretion in the amount of alimony, but with respect to both alimony and child support we reverse the calculations for recomputation of the amount of income properly imputed to each party and to take into account the guidelines of section 61.30, Florida Statutes (1997). We further hold that bonus income may properly be included in considering the husband's income both for child support and alimony purposes. However, an adjustment as to the payment schedule is necessary to accommodate the husband's quarterly receipt of bonuses. We also reverse the award of attorney's fees and costs to the wife because the trial court failed to make findings as to the reasonable number of hours spent and a reasonable hourly rate. Finally, we hold that the wife was entitled to prejudgment interest on the arrearages found by the court.
The parties were married for eighteen years and had three minor children at the time of dissolution. At the final hearing, the parties stipulated that: the Wife would be the primary residential custodian and retain occupancy of the marital home; the Wife would receive permanent periodic alimony; the Husband would pay child support for the children through high school; the parties would divide the marital assets equally; and a reasonable rate for the Wife's attorney was $225 per hour and $175 per hour for the attorney's associate. Thus, the issues at trial, and now on appeal, as conceded by the Husband in the lower court, concern solely the amount of support, the method of securing said support, and attorney's fees and costs.
The husband is a store manager at Publix, where he has worked for 24 years. At the time of the dissolution action, his weekly gross salary was $880. In addition, he received bonuses, which amounted to approximately $21,000 per quarter. His most recent financial affidavit showed monthly income, including bonuses, of $10,191.33. The wife, who had a high school education and had worked as a bookkeeper prior to 1981, stayed at home with the children during most of the marriage. She had several health problems, including frequent migraine headaches and a 60% hearing loss. The wife's financial affidavit demonstrated monthly expenses for herself and the three children totaling $5,272.
In its final judgment, the trial court awarded the wife $2,000 per month in permanent periodic alimony, directed the husband to make the monthly payments on the second mortgage on the marital home, and awarded monthly child support of $2,370. The court further ordered the husband to pay $29,325 in child support arrearages under the temporary order of support entered in the case. Finally, the court granted the wife 90% of her attorney's fees and costs.

*682 Support awards

Threaded throughout the husband's complaint about both alimony and child support awards is his claim that the trial court erred in failing to impute any income to the wife and in imputing too much income to him by inclusion of his bonuses. As to the imputation of income to the wife, the amount of income a spouse may be able to earn is a factor the court should consider in determining an alimony award. See § 61.08(2)(d) & (g), Fla. Stat. (1997). For purposes of child support, the trial court must impute income to a voluntarily unemployed or underemployed parent unless the lack of employment is the result of the spouse's physical incapacity or other circumstances beyond the parent's control. See § 61.30(2)(b). Although the trial court stated an hourly wage range for the wife if she were to get a job, the court failed to state an exact amount of gross income it was imputing to the wife, nor did it take that amount into consideration in the calculation of child support. Cf. Vick v. Vick, 675 So.2d 714, 717 (Fla. 5th DCA 1996) (remand required where trial court failed to identify sources of imputed income with enough particularity.)
With respect to the husband's income for purposes of determining support, the trial court found that he was capable of earning between $125,000 and $150,000 per year. Although the husband's gross income may have been within this range, the record reveals no evidence that the husband had ever netted that high of an amount. Because support calculations must be based on net income, the trial court's apparent use of gross figures was error. See Savery v. Savery, 670 So.2d 1034, 1035 (Fla. 4th DCA 1996)(in determining child support, trial court required to make specific findings with regard to parties' net incomes, derived from gross incomes minus allowable deductions); Warren v. Warren, 629 So.2d 1079, 1080 (Fla. 3d DCA 1994)(in imputing income to determine amount of permanent periodic alimony, trial court should use net earnings).
In regard to the trial court's findings of a range of income imputable to the husband, to calculate child support, it is necessary for the court to establish a specific amount of income. Finding a range of income makes calculation of the amount of child support pursuant to the tables impossible. Without pinpointing the amount of income capable of being earned by each party and determining the presumptive amount of child support from the tables, we cannot determine whether the amount awarded varies more than five percent from the guidelines amount, which would require the trial court to provide written reasons for a deviation. See § 61.30(1)(a); see also Jones v. Jones, 636 So.2d 867, 868-69 (Fla. 4th DCA 1994).
Nevertheless, we hold that the trial court did not err in including the husband's bonuses in the calculation of his income. Section 61.30(2)(a)1 requires the inclusion of bonuses in a spouse's income for purposes of child support, and section 61.08(2)(g) requires the consideration of all sources of income available to either spouse in the computation of an award of alimony. The trial court found that the husband's bonus income was regular and continuous, and it therefore was properly included in the husband's gross income for purposes of arriving at monthly support amounts. Analogously, regular overtime is included unless the court specifically finds that the opportunity to earn overtime will not be available as an income source in the future. See Skipper v. Skipper, 654 So.2d 1181, 1183 (Fla. 3d DCA 1995); Butler v. Brewster, 629 So.2d 1092, 1093 (Fla. 4th DCA 1994).
We thus reverse the awards of alimony and child support for further findings concerning the amount of income attributable to each party and for recalculation of the child support pursuant to the guidelines of section 61.30. We point out that in calculating the husband's income for child support, the only deductions allowed from his salary are those listed in section 61.30(3). Furthermore, alimony is treated as income to the wife under section 61.30(2)(a)9 and a deduction from the husband's income under section 61.30(3)(g). With respect to the alimony award, we do not find that the trial court abused its discretion as to the amount, although the trial court may adjust the amount *683 based upon its imputation of income to the wife. Finally, the trial court should modify the payment schedule for alimony and child support so that its payment coincides with the receipt of bonus income by the husband. See Coyne v. Coyne, 505 So.2d 1115, 1115 (Fla. 2d DCA 1987).

Attorney's Fees
As to the attorney's fees awarded to the wife, the trial court's award exceeds the highest amounts testified to by the witnesses, including the amount previously awarded as temporary fees. The trial court also failed to make requisite findings concerning reasonable hours expended and a reasonable hourly rate. See Warner v. Warner, 692 So.2d 266, 267-68 (Fla. 5th DCA 1997); Sunday v. Sunday, 610 So.2d 62, 62 (Fla. 3d DCA 1992). In light of our reversal of the support awards, and the failure of the evidence and the court's findings to support the fees award, we reverse for reconsideration and for findings of reasonable number of hours and hourly rate. In calculating the hourly rate, the court may accept the parties' previous stipulation.

Prejudgment Interest
Finally, we agree with the wife that the court erred in failing to award prejudgment interest on the arrearages found to be due in the final judgment. See Butchart v. Butchart, 469 So.2d 965, 965 (Fla. 4th DCA 1985); Warner, 692 So.2d at 270; Nelson-Higdon v. Higdon, 680 So.2d 524, 524 (Fla. 1st DCA 1996); Applegate v. Applegate, 566 So.2d 865, 866 (Fla. 1st DCA 1990). The husband concedes that the wife is entitled to post-judgment interest after entry of the final judgment. See § 55.03(1), Fla. Stat. (1997).
The remaining points on appeal we affirm without further discussion.
Reversed and remanded for further proceedings in accordance with this opinion.
KLEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.