821 So.2d 1141 (2002)
David BATSON, Appellant,
v.
Barbara BATSON, Appellee.
No. 5D01-3123.
District Court of Appeal of Florida, Fifth District.
June 28, 2002.
Kenneth D. Morse, of Kenneth D. Morse, P.A., Orlando, for Appellant.
J. Michael Malone, Orlando, for Appellee.
HARRIS, J.
Appellant has raised one issue which deserves discussion. In dividing the marital assets, the court awarded the husband his pension which he was currently drawing valued at $224,459 and awarded the wife the husband's 401K valued at $226,316. While this appears fair on its face, the fact that the court then refused to consider the husband's request for alimony makes this distribution problematic.[1]
*1142 The husband had been employed by IBM for twenty-five years when the company closed its local operation. The husband, forty-seven years old at the time, accepted a "bridge to retirement" payout and retired on his pension.[2] In addition to receiving a monthly pension in the amount of $2,747, the husband received a large cash settlement which the parties exhausted before the dissolution action was filed. Therefore, at the time of separation (and before), the family income consisted of the husband's pension income and the wife's monthly teaching income of $2,916.
At the dissolution, the husband sought alimony in the event the wife was awarded most of the assets. Alimony was denied on the basis that the husband's early voluntary retirement disqualified him from alimony. There is a problem with the denial of alimony on this basis. The husband's acceptance of his employer's buyout and his decision to live on his pension income during an intact marriage does not disqualify him from later claiming alimony if the circumstances otherwise justify it. It might be that circumstances at the time of the dissolution will require that the husband find new employment or, if he does not, that additional income will be attributed to him but, in this case, no evidence was offered as to the husband's employability at the time of dissolution or the amount of income that he might earn if employed. See Smith v. Smith, 737 So.2d 641 (Fla. 1st DCA 1999).
Fairness [and the law, see Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986)] requires that the husband's pension be treated either as income or as a marital asset. It should not be treated as both. Here, the court treated it as an asset by giving the value of the pension plan to him in exchange for the 401K of similar value it awarded to the wife. This was an asset for an asset. But then the court apparently considered the husband's receipt of payments for the pension as income sufficient to meet his needs.[3] A fairer approach would have been for the court to treat the 401K as marital property and divide it equally while treating the pension as income subject to an alimony claim by the wife. Certainly the wife would not now be entitled to alimony because her income is greater than the husband's, but that condition could change at any time. In the alternative, the court could have treated both the pension plan and the 401K as marital assets and equally divided both. In this manner, both would have a source of deferred income from the 401K and both would have immediate income from the pension plan. But in that event the *1143 husband's income would be considerably less than the wife's and alimony would again have to be considered. In either of these alternatives, of course, additional income may be attributed to the husband if the evidence warrants it.
The court erred by denying alimony solely on the basis that the husband voluntarily gave up his former employment. This decision to accept the buyout was made at the time the family was intact. Both parties benefitted from the husband's drawing his retirement and accepting the cash buyout. We remand for reconsideration of the husband's request for alimony under the appropriate standard and suggest that the court may wish to reconsider the distribution of marital assets as it may affect the alimony issue.
On remand, the court should also value the furniture it gave to each spouse and consider the appropriateness of attorney's fees after its further evaluation.
AFFIRMED in part; REVERSED in part and REMANDED.
PETERSON, J., concurs specially, with opinion.
GRIFFIN, J., dissents, with opinion.
PETERSON, J., concurring specially.
I concur with Judge Harris' solution to the inequitable distribution of the IBM pension to the husband at a value of $224,459 to justify distribution to the wife of the husband's 401K valued at $226,316. If both had died after the distribution was final, the husband's estate inventory would only have $2,747, a monthly payment on the IBM pension, while the wife's estate would have $226,416 in the inventory, the 401K value. Judge Harris' formula for distribution of the two assets is a fair solution to this problem, to wit: Treat the 401K value of $226,316 as marital property and divide it equally while treating the pension as income subject to alimony.
The denial of alimony to the husband may have been appropriate if the trial court chose to impute income to this highly educated, employable individual. Indeed, the trial court's comments in a communication to the parties strongly suggests that a form of imputation took place:
Further, I find that both parties are highly educated and are very capable of sustaining their normal lifestyle. The Husband has chosen to remain retired at an early age so that he might keep his father's company. This does not give rise to the need for alimony from the Wife. I deny the Husband's request for alimony.
In order to impute income to the husband, specific findings are required that indicate source and amount. See Smith v. Smith, 737 So.2d 641 (Fla. 1st DCA 1999); Vitek v. Vitek, 661 So.2d 965 (Fla. 5th DCA 1995); Strickland v. Strickland, 639 So.2d 149 (Fla. 5th DCA 1994). It is impossible to make specific findings to support imputation of income on this record due to lack of evidence of the husband's potential earnings. Whether it is appropriate for an appellate court to remand for further evidentiary proceedings once the parties have had their day in court is unclear, but it has occurred in at least one instance so that the trial court could "conduct an evidentiary hearing to determine the proper amount of income to impute to the husband..." Warren v. Warren, 629 So.2d 1079, 1080 (Fla. 3d DCA 1994). If one of the purposes of judicial proceedings in marriage dissolutions is to promote equitable distributions, remand for the purpose of further evidentiary proceedings would seem appropriate in order to cure the deficiency, which was not attributable to the trial judge, but to one or both of the parties.
*1144 I join in Judge Harris' decision to remand for the reasons set forth in his opinion, but would also require an additional evidentiary hearing in order to provide an opportunity to the parties to present evidence of potential employment of the husband, evidence that should have been presented in the original proceeding and evidence that is desperately needed in order to formulate a truly equitable distribution.
GRIFFIN, J., dissenting.
Appellant, husband ["husband"], has a Bachelor of Science degree in mechanical engineering. He worked as an engineer for IBM for twenty-five years. He retired at age 47, taking advantage of a "bridge to retirement" plan. Husband testified he made this decision in order to take care of his elderly parents, one of whom has Alzheimer's disease. This is also the reason he gave for being currently unemployed. Wife has a teaching income of $2,916 a month. As to the alimony claim of husband, the trial court ruled:
Further, I find that both parties are highly educated and are very capable of sustaining their normal lifestyle. The Husband has chosen to remain retired at an early age so that he might keep his father's company. This does not give rise to the need for alimony from the Wife. I deny the Husband's request for alimony.
The majority now reverses the trial judge, strongly suggesting that her decision to distribute a pension worth $224,451 to husband and a 401K worth $226,316 to wife was error. This clearly was not error. The majority also reverses because the decision not to award alimony to husband was made without evidence that husband could earn enough money to avoid the need for payment of alimony from wife's $2,916 gross income. First, the ample evidence in the record concerning husband's training, experience, earning history and reason for not working is sufficient for the trial court to make this determination. The only evidence lacking is expert testimony, and although such testimony should not be at all difficult to obtain from any employment consultant, its absence is no reason to reverse in light of the entire record. See Rutland v. Rutland, 652 So.2d 404, 405 (Fla. 5th DCA 1995), receded from on other grounds, Anson v. Anson, 772 So.2d 52, 54 (Fla. 5th DCA 2000). I would affirm.
NOTES
[1] The unfairness of using the projected value of the pension in dividing marital assets is that the husband will never receive that value in a lump sum. Indeed, he may never receive that amount. What he will receive is a monthly payment of approximately $2,700 for his lifetime. This may or may not add up to the projected value. If the husband in fact received the projected value of his pension in a lump sum, as the wife may receive the money in the 401K, then only the interest received on that sum would be considered as income for support purposes. If assets are to be set off against each other, then the receipt of such assets should have similar consequences.
[2] His pension, a form of deferred income, then became the current income of the husband and was treated as such by the parties. If the parties treated the pension as current income for over five years, why should the court now treat it as an asset?
[3] There are numerous cases which hold that a spouse should not be required to deplete their capital assets in order to maintain their standard of living. See De Cenzo v. De Cenzo, 433 So.2d 1316 (Fla. 3d DCA 1983); Wolfson v. Wolfson, 455 So.2d 577 (Fla. 4th DCA 1984); Kaufman v. Kaufman, 541 So.2d 743 (Fla. 3d DCA 1989). Was not the pension awarded to the husband a "capital asset"? Other courts have held that support obligations should be considered after distribution has been made and that income earned after a division of marital assets should be considered in determining needs and ability. See, for example, Lauro v. Lauro, 757 So.2d 523 (Fla. 4th DCA 2000). But in Lauro, the wife was awarded one half of the husband's pension so that they each received a similar asset. The court held that the amount thus received by the wife had to be considered in determining the husband's alimony obligation. If the court in this case considers the husband's needs based on the amount he receives from his pension, then it should also take into account the wife's additional ability to pay based on her receiving the 401K.