888 So.2d 117 (2004)
Victoria SWANSON, Appellant,
v.
Michael SWANSON, Appellee.
No. 4D03-3719.
District Court of Appeal of Florida, Fourth District.
November 24, 2004.
Siobhan Helene Shea, Palm Beach, for appellant.
Michael Swanson, Connecticut, Pro se.
MAY, J.
The former wife appeals an order on her petition for modification of shared parental responsibility and unsupervised visitation, *118 the former husband's supplemental petition for modification of child support, and the former wife's counter-petition concerning the child's health care expenses. She raises four issues. We reverse the order and remand the case to the trial court for further proceedings.
The original judgment of dissolution provided for shared parental responsibility of the minor child; the former wife maintained primary residential custody. Within months of the judgment's entry, the former wife filed a motion for contempt and alleged the former husband had engaged in harassment. The trial court found the former husband in contempt, limited communication between the parties, and ordered the former husband to have a psychological evaluation and follow all recommendations.
In April 2002, the former wife filed a petition for modification of shared parental responsibility and unsupervised visitation. The former husband filed a supplemental petition for modification of child support. The former wife then filed a counter-petition requesting a determination of responsibility for the child's health care expenses.
Four months later, without objection from the former husband, a separate circuit court judge entered a final judgment for protection against domestic violence. This judgment required the former husband to complete a certified batterers intervention program and any substance abuse or mental health evaluation recommended by the program.
In October 2002, the former husband pled no contest to a charge of aggravated stalking against the former wife and child. The felony court sentenced him to nine months in jail followed by five years probation, and prohibited him from contacting the former wife and child.
In January 2003, the court heard the various petitions. The former husband agreed the only issue to be addressed by the court concerned child support. The former husband sought a reduction of the $675 per month ordered in the final judgment of dissolution because he had lost his job. The former wife asked the court to continue the support obligation based upon the former husband's ability to earn $52,000 per year. She provided the court with her former husband's payroll records.
Halfway through the hearing, the former husband asked the judge to "waive" his participation in the batterers intervention program ordered by the judge presiding over the aggravated stalking charge. The court verbally waived the program, but did not reduce the pronouncement to writing.
The court granted the former wife sole parental responsibility, ordered the former husband to have no contact with the child, and abated the former husband's responsibility for child support until his health improved. The court did not address the child's health care expenses. At the end of the hearing, the court announced sua sponte the former husband was entitled to a progress report and picture of the child every six months.
The former wife argues the trial court abused its discretion by modifying the "no contact" provisions of the contempt order, domestic violence injunction, and probation order on the aggravated stalking charge when it required her to provide a report and picture of the child every six months. We agree. First, the former husband did not request modification of the "no contact" provision in his petition for modification and agreed at the hearing that the only issue to be decided was the amount of child support. Thus, the court reached an issue that was neither raised by the pleadings nor set for hearing. In *119 doing so, the former wife's due process rights were violated. See Fuchs v. Fuchs, 840 So.2d 449 (Fla. 4th DCA 2003).[1]
The second issue concerns the court's reduction of the former husband's obligation to pay child support. To justify a modification of child support, the movant must establish a substantial change in circumstances that is material, involuntary, and permanent in nature. See Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986). Here, the former husband argued that he lost his job and was experiencing health problems. However, the evidence was insufficient to justify the modification.
First, the former husband testified that he lost his job because he violated the terms of his bond when he was arrested for stalking his former wife. "`Criminal conduct of any nature cannot excuse the obligation to pay support.'" Mascola v. Lusskin, 727 So.2d 328, 331 (Fla. 4th DCA 1999) (quoting Topham-Rapanotti v. Gulli, 289 N.J.Super. 626, 674 A.2d 650 (Ch.Div.1995)). Second, while the former husband had undergone surgery, nothing suggested he was unable to work at the time of the hearing. Because the former husband failed to establish either the voluntary or permanent nature of the change in his employment, the court abused its discretion when it suspended the former husband's child support obligation indefinitely. Shrove v. Shrove, 724 So.2d 679, 682 (Fla. 4th DCA 1999).
The final issue concerns the trial court's failure to address the issue of health care coverage for the child. The former wife raised this issue in her counter-petition to the husband's petition for modification. Section 61.13(1)(b), Florida Statutes (2004), requires every child support order to address "health care coverage for the minor child when the coverage is reasonably available." Id. By failing to address the issue, the court failed to comply with section 61.13(1)(b). Upon remand, the court must address the issue of health care coverage.
For the reasons stated above, the modification order is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.
WARNER and SHAHOOD, JJ., concur.
NOTES
[1] We question the court's authority to delete the statutorily-mandated batterers intervention program ordered by the judge in the Final Judgment for Protection Against Domestic Violence. However, the court did not reduce its verbal pronouncement to writing. Thus, the issue is not properly before us. See Rivera v. Dade Co., 485 So.2d 17 (Fla. 3d DCA 1986) (a district court of appeal lacks jurisdiction to review a ruling not reduced to writing).