DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRYAN G. RUDNICK,**
Appellant,

v.

**ALLYSON HARMAN** f/k/a **ALLYSON HARMAN RUDNICK,**
Appellee.

Nos. 4D13-1359 & 4D13-1364

[January 28, 2015]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Martin H. Colin, Judge; L.T. Case No. 502009DR008401XXXXSB.

Robin Bresky and Jonathan Mann of the Law Offices of Robin Bresky, Boca Raton, for appellant.

Seth E. Schneiderman of Seth E. Schneiderman, P.A., Hollywood, for appellee.

*ON MOTION FOR REHEARING & REHEARING EN BANC,*
*CLARIFICATION/WRITTEN OPINION & CERTIFICATION OF CONFLICT*

STEVENSON, J.

Bryan Rudnick ("Former Husband") moves for rehearing and rehearing en banc, clarification/written opinion and certification of conflict. We grant the motion for rehearing in part, but deny the motion in all other respects. After reviewing Former Husband's motion, we reverse and remand for the trial court to reconsider its finding as to Former Husband's 2012 income. We deny all other issues raised without further comment.

Former Husband owns a political consulting firm. Evidence submitted at the modification hearing established that Former Husband earned approximately $120,058 in 2010, $192,872 in 2011, and $494,731 in 2012. There was, however, uncontroverted evidence that a portion of Former Husband's 2012 income was the result of a spike in business due to that year's presidential election. Former Husband testified that this spike, which is evident when comparing his 2011 and 2012 incomes,

would not continue in the upcoming year. Nevertheless, the trial court relied strictly on Former Husband's total 2012 income to calculate his child support obligation. We agree with Former Husband that this was error.

Although not entirely analogous to the facts before us, we are persuaded by case law concerning the treatment of bonus income. In such cases, there must be evidence that the bonus is "regular and continuous" before it can be included in a party's income for purposes of calculating child support. *Shrove v. Shrove*, 724 So. 2d 679, 682 (Fla. 4th DCA 1999) (on rehearing); *see also Lauro v. Lauro*, 757 So. 2d 523, 526 (Fla. 4th DCA 2000) (holding there was no evidence that the husband's 1997 income would continue at the elevated level where there was testimony that overtime opportunities would no longer be available). Here, the evidence was uncontroverted that the extraordinary elevation in Former Husband's 2012 income was not regular and continuous, but was instead due to a specific non-recurring event, i.e., the 2012 presidential election.[1]

Accordingly, we reverse and remand for the trial court to make additional findings consistent with this opinion.

DAMOORGIAN, C.J., and GILLESPIE, KENNETH, Associate Judge, concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] On remand, Former Husband will be required to show what portion of his 2012 income was attributable solely to the 2012 presidential election.