HENDRY, Judge.
Defendant-appellant Tropic-Air Development Company (seller) seeks review of a final decree granting specific performance of a written contract to purchase an apartment building in Dade County. The cause was tried without a jury. Appellant filed an interlocutory appeal and an appeal from a final decree, which have been consolidated for appellate purposes. There was a prior interlocutory appeal taken by the parties, Tropic-Air Development Company v. Rosen, Fla.App.1969, 222 So.2d 290.
Defendant-appellant contends that the court erred in granting specific performance. The grounds argued for reversal are: (1) the contract was ambiguous as to the assets being sold; (2) plaintiff came into equity with unclean hands because of an alleged fraudulent misrepresentation made to the intervenor-broker respecting this transaction; and (3) the court deferred consideration of the intervenor-bro-ker’s claim and refused to admit evidence as to that claim.
A provision in the contract was that: “this property being sold furnished as per the attached and accepted inventory.” Another clause provided that: “all 43 apartments fully furnished.” There was no inventory prepared.
As to the first point, under the circumstances of this case, the contract was not ambiguous, particularly where the parties examined the three types of apartments and their furnishings.
The record reveals a conflict in testimony as to the alleged unclean hands. The record similarly reveals substantial, competent evidence to support the chancellor’s resolution of that issue adverse to the appellant.
As to the third point, the chancellor did defer the intervenor’s claim until after a resolution of the merits. We cannot say that this was so unusual as to constitute reversible error, particularly in view of the chancellor’s statement that the appellant-seller would not be liable for real estate brokerage fees if the intervenor prevailed upon his claim. We therefore express the view that the chancellor did not abuse his discretion in deferring the inter-venor's claim. Rule 1.270(b), Florida Rules of Civil Procedure, 30 F.S.A.
For the reasons stated, the final decree herein appealed is affirmed.