346 So.2d 132 (1977)
Anna C. CARLSEN, Appellant,
v.
Gunnar CARLSEN, Appellee.
No. 76-1546.
District Court of Appeal of Florida, Second District.
May 25, 1977.
*133 Donald Wm. Giffin, St. Petersburg, for appellant.
Wayne O. Smith, Wallace & Smith, St. Petersburg, for appellee.
SCHEB, Judge.
On this appeal from a final judgment of dissolution of marriage, the wife contends the trial court erred in ordering the partition sale of the parties' jointly owned marital home.
The wife filed a petition for dissolution of her marriage. At trial she was unsuccessful in her attempts to establish a special equity in the marital home owned as an estate by the entireties. In his counterpetition, the husband sought a dissolution as well as partition of the homeplace with the net proceeds from the sale to be divided equally between the parties. The wife did not attempt to strike or dismiss the counterpetition, but rather she responded thereto denying the merits of the husband's claim for partition. The husband's counterpetition substantially complied with the allegations required for partition (See Section 64.041, Florida Statutes [1975]). It was therefore appropriate for the court to proceed with partition as prayed for by the husband. Rankin v. Rankin, 258 So.2d 489 (Fla. 2d DCA 1972).
On August 27, 1976, the trial judge entered a final judgment dissolving the marriage, and providing further:
... the parties hereto shall remain tenants in common of the premises commonly known as 6315-13th Street North, St. Petersburg, Pinellas County, Florida, and legally described as follows:
Lot 41, MEADOWLAWN REPLAT, according to plat thereof recorded in Plat Book 34, page 15, Public Records of Pinellas County, Florida.
The same shall be sold within 90 days from the date hereof at which time the net proceeds from the sale thereof shall be equally divided between the parties hereto.
Once the trial court makes a judgment of partition, absent a contrary stipulation by interested parties, partition should proceed under Chapter 64, Florida Statutes. See Banfi v. Banfi, 123 So.2d 52 (Fla. 3d DCA 1960).
Section 64.061(1) provides for appointment of three suitable persons as commissioners to make the partition. However, where it is apparent from an allegation and proof that the property involved cannot be divided without prejudice to the owners, the court may under Subsection (4) appoint a special master or the clerk to sell the property at private or public sale. There was no direct allegation as to the indivisibility of the property in this case. No one, however, seriously suggests that the parties' homeplace was susceptible to division in kind. The necessity for a sale is readily apparent to us.
When incident to relief in a dissolution proceeding, a trial court orders partition of a homeplace belonging to husband and wife, a sale is almost inevitable. Commonly the trial judge affords the parties an opportunity to negotiate between themselves or arrange a private sale to a third party. We find no fault with this procedure. On the contrary, much can be said for any reasonable arrangement whereby formerly married parties are enabled to conserve their investments and property interests. In these instances, the judgment must fix some reasonable deadline for such arrangements to be completed. The judgment must provide that any judicially ordered sale, such as the one now before us, proceeds in compliance with the mechanics of partition outlined in Chapter 64. See Banfi v. Banfi, supra.
Accordingly, the last paragraph of the final judgment quoted above is stricken and this cause is remanded to the trial court for entry of an amended final judgment providing *134 for partition in accordance with the mechanics of Section 64.061, et seq. The trial court may provide a reasonable period of time for the parties to conclude any private arrangements for sale or disposition of their former marital home, subject, of course, to approval of the court. Should this be permitted by the court, the amended final judgment shall provide that if disposition of the homeplace is not amicably resolved within a specified reasonable period of time that partition and sale of the property shall be handled under the last referred to statute. In all other respects, the final judgment of dissolution is affirmed.
GRIMES, Acting C.J., and OTT, J., concur.