357 So.2d 439 (1978)
In re the MARRIAGE OF Barbara E. JONES, Appellant, and
Luther G. Jones, Appellee.
No. 77-472.
District Court of Appeal of Florida, Second District.
March 29, 1978.
Rehearing Denied May 4, 1978.
*440 Charles J. Cheves, Jr., of Cheves, Hazen & Rapkin, Venice, for appellant.
Herbert W. Biggs, Hobe Sound, for appellee.
DANAHY, Judge.
The wife appeals from a final judgment of dissolution of marriage which is silent on the subject of alimony. We are called upon to determine whether, under the facts of this case, it was an abuse of discretion on the part of the trial judge to make no award of alimony to the wife. We find that it was.
The parties were married for 23 years and are the parents of three children, all of whom are now adults. The wife is 43 years of age and the husband is ten years older. They were both employed throughout the marriage. Her income was an essential contribution to the family living expenses, particularly during the first eleven years of the marriage when the husband was in the military service.
Until 1967 the wife was employed by various telephone companies. From 1967 until the final disruption of this marriage, she was employed to maintain the office and do the book work for a mobile home sales company of which the husband is president and general manager. During the years 1971 to 1975, the husband's annual income from the company and his military retirement ranged from $14,624 to $19,275. During the same period of time, the wife's income from her employment with the company ranged from $5,200 to $7,800.
The parties were working partners during the marriage, and their respective incomes went to accumulate their assets which, except for some items of personal *441 property, are all jointly owned.[1] They enjoyed a standard of living which was based upon their combined incomes. In addition to their marital residence, their other major assets include a savings account, an interest in five lots and mobile homes, property in Arkansas, 20% of the stock of the company which the husband manages, and notes of the company in the amount of $60,000. The total net value of their joint assets is about $250,000. However, the corporate notes of the mobile home sales company will be difficult to collect in the foreseeable future. The husband testified he did not know when these loans would be repaid to the parties since the company was deeply indebted.
The wife is in good health, has a high school education, and has about a year and a half of college credits in music. After the separation of the parties, it was not possible for her to continue to work in close quarters with the husband in his company office. The record discloses the practical difficulties she had in attempting to become reemployed by a telephone company. Shortly after the disruption of the marriage and their separation, she did obtain employment as a bank teller, earning $433 per month.
The husband's separate income is $1,650 per month from his regular company pay and his military retirement check. In addition to that sum he realizes other income and cash equivalent fringe benefits by reason of his position with the company. The company furnishes his transportation, allows him entertainment expenses and provides him with the use of a mobile home residence. And finally, he receives an unspecified but admittedly substantial sum from a company related enterprise.
In Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976), the supreme court reminds us that the primary criteria to be used in determining an award of alimony are the husband's ability to pay and the needs of the wife, taking into consideration their shared standard of living during the marriage. Tested by these criteria, the facts here clearly demonstrate that the trial court should have awarded alimony, as the wife requested in her petition.
It is manifest that the wife's present income is not sufficient to enable her to even approach the standard of living which the parties enjoyed during their marriage. On the other hand, the husband's present income, including his cash equivalent fringe benefits, is at least four times greater than hers. His standard of living will be reasonably commensurate with that which he enjoyed during their marriage.
The evidence shows that the wife's employability on the open job market is not accurately measured by the income she was earning while working for the company managed by her husband. The husband admitted that on her present income she could not enjoy the standard of living they had enjoyed together. He also admitted that he had the present ability to pay alimony. The facts in the record before us demonstrate such a substantial present disparity between the income of the wife and that of the husband that he should be required to contribute to her income where, as here, her present need is clear. Gall v. Gall, 336 So.2d 10 (Fla.2d DCA 1975). Accord, Lash v. Lash, 307 So.2d 241 (Fla.2d DCA 1975).
It is true that an equal division of their jointly owned assets as intended by the trial court will give each of the parties property from which they each may well derive income. But, while such income from her portion of the property might later be considered in any review of alimony, along with any other material changes in the circumstances of the parties, the wife is not required to erode her capital to maintain some semblance of the style of living which she and the husband have enjoyed. Gordon v. Gordon, 204 So.2d 734 (Fla.3d DCA 1967).
We are not unmindful that the parties here owe joint obligations requiring *442 substantial monthly installment payments. When the trial court hereafter makes an award of alimony, he should take these factors into consideration together with all other factors present in this case. And when he fashions the award, the trial court may, of course, find it appropriate to award rehabilitative alimony, lump sum alimony, periodic permanent alimony, lump sum alimony payable in installments, or a combination of these, as the circumstances may require. See Lee v. Lee, 309 So.2d 26 (Fla.2d DCA 1975).
The wife urges, as an additional basis for overturning the judgment below, the failure of the trial court to deal properly with the division of the parties' jointly owned property, both real and personal. In her petition for dissolution of marriage, the wife requested a partition of all jointly owned property. The final judgment did not provide for partition of the parties' jointly owned personal property and ordered only the following with regard to the marital residence:
The court grants a partition and sale of the marital residence upon appointment of a special master and conclusion of said proceeding.
The allegations of the wife's petition substantially complied with the requirements for partition of real and personal property pursuant to Chapter 64, Florida Statutes (1975). It was, therefore, appropriate for the court to proceed with partition of the jointly owned property, but affording the parties a fixed reasonable time within which to make a voluntary sale of all or part of such property for cooperative maximization of the sales price. Carlsen v. Carlsen, 346 So.2d 132 (Fla.2d DCA 1977). In proceedings hereafter that procedure should be followed and the court should reserve jurisdiction to review and enforce the mechanics of partition as they are set forth in the statute. Sanders v. Sanders, 351 So.2d 1126 (Fla.2d DCA 1977).
This case is reversed and remanded for the entry of an award of alimony, partition of the jointly owned property, both real and personal, pursuant to Chapter 64 to the extent that said property is not voluntarily sold by the parties, and for other proceedings not inconsistent with this opinion.
BOARDMAN, C.J., and OTT, J., concur.
NOTES
[1] The final judgment contains the finding, which is not disputed, "that the parties were equal partners during their marriage and are equal partners upon dissolution in all their jointly held assets."