OTT, Judge.
The appellant (ex-husband) appeals from an order which denied (in effect) his Petition for Disposition of Realty by Partition. We reverse.
In 1973 the appellant brought a proceeding for dissolution of marriage. In his complaint, he prayed, inter alia, for the following relief: “That the home place of the parties ... be sold and the proceeds therefrom be divided equally between the parties.” The wife filed an appropriate answer and counter-petition. After a hearing, the court entered a final judgment in which, as to the home, it awarded possession to the wife “ . . . until such time as she is no longer entitled to child support. At which time (meaning termination of child support) the Court shall entertain a petition for disposition of said property.”
In 1977, child support terminated. The ex-husband thereupon filed his Petition for Disposition of Realty by Partition. The petition set up jurisdiction pursuant to the express provision of the final judgment, set forth the location, description and specific ownership of the real property and further alleged:
The above-described property [the home] is so situated that it is impossible to equally divide it between the cotenants so that each can have his pro rata share thereof. The only way to equally divide the said property is to sell the same and *39 divide the money proportionately among the cotenants as their interests in the same are determined to be.
The ex-husband’s petition alleged the employment of his attorneys to secure partition of the realty, that an accounting was necessary as to what was owed between the parties and complied with all the requirements of Chapter 64, Florida Statutes (1975). The petition prayed for an order of sale and a division of the proceeds as their respective rights and interests, including the status of the mortgage or other lien, were made to appear. In her response to the petition, the ex-wife filed a short denial of “each and every allegation” and asked for a dismissal of the petition.
A hearing was held at which no transcript was taken. The court’s order required that the ex-husband pay the ex-wife the sum of $1,745.29 and transfer his undivided one-half interest in the jointly owned property to the ex-wife. The court’s conclusion was based upon its findings that the ex-husband’s total debt to the ex-wife was $4,074 (undisputed); that the original amount of the mortgage on the property was $10,850 (undisputed); that the balance on the mortgage as of the date of the final judgment was $6,192 (undisputed); that the differential was $4,657.42 (undisputed) which the court described as the “equity” (disputed); that, accordingly, the ex-husband’s one-half equity in the home was $2,328.71 (disputed). In order to see that the ex-wife received the $4,074 the court took the value of the ex-husband’s one-half equity (as calculated above) in the home ($2,328.71) and required the ex-husband to supplement it with the cash payment of $1,745.29. The trial court totally ignored the procedures for partition provided for in Chapter 64, Florida Statutes (1975). Where a party, as here, properly pleads a request for partition, i. e., where the petition substantially complies with the requirements for partition as set out in Chapter 64, Florida Statutes (1975) then the trial court is obligated, in the absence of agreement of the parties, to proceed according to the procedures set forth therein. Carlsen v. Carlsen, 346 So.2d 132, 133 (Fla.2d DCA 1977); see Jones v. Jones, 357 So.2d 439 (Fla.2d DCA, filed March 29, 1978).
We reverse only that part of the order of the trial court that determines the value of the parties’ equity in the property and directs transfer of the ex-husband’s interest therein together with payment of cash differential. We remand for further proceedings in partition, consistent with Chapter 64, Florida Statutes (1975), in which the court may make appropriate disposition or provision for any debt owing from one of the parties to the other.
GRIMES, Acting C. J., and DANAHY, J., concur.