363 So.2d 393 (1978)
Mary Catherine SULLIVAN, Appellant,
v.
Charles SULLIVAN, Appellee.
No. 77-1506.
District Court of Appeal of Florida, Second District.
October 4, 1978.
*394 Edwin Peck, St. Petersburg, for appellant.
Wayne O. Smith, of Wallace & Smith, St. Petersburg, for appellee.
SCHEB, Acting Chief Judge.
Appellant wife challenges several provisions of a final judgment of dissolution of marriage. We focus on her claims that: (1) her alimony award was inadequate; (2) the court was without authority to provide for the sale of the marital home; and, (3) the court improperly ordered division of the parties' furniture, furnishings, and other personal property.
The award of alimony challenged by the wife was couched in the following language:
Petitioner [husband] be, and is hereby ordered to pay to the Respondent [wife] the sum of $600.00 per month for a period of one year as alimony. At which time the sum shall be reduced to $500.00 per month for a period of three years, at that time the same shall be reviewed upon the motion of either of the parties hereto.
In reviewing an alimony award it is, of course, necessary to consider the circumstances of the parties. At the time of the final hearing the husband and wife were each 56 years old, and had been married for 32 years. During almost all of their marriage the husband had been an officer on active duty in the Marine Corps. The parties maintained a standard of living commensurate with his position. Their two children are now grown and live away from home.
The parties only substantial asset was their residence, which they acquired as tenants by the entireties upon the husband's retirement from the Marine Corps in 1974. They valued their home at between $65,000 and $85,000, but it was encumbered by a $48,000 mortgage. Their other assets were modest considering the length of their marriage and their living standards. The wife does exercise some control over additional assets belonging to her mother, and the husband has a lifetime military pension.
In December 1976 the husband petitioned for dissolution of marriage. In his financial affidavit, which was computed on a weekly basis, the husband reported his retirement pension to be $516 per week. He has a bachelor's degree, and has applied for admission to law school. He has some significant medical problems, as evidenced by his 70% disability rating upon retirement; however, he is assured of lifetime medical benefits from the military.
During the marriage the wife was not employed. Instead she capably fulfilled the responsibilities attendant with being a military officer's wife. She maintained the home, which was no easy task considering that husband was frequently ordered to different duty stations. The wife has no significant education beyond high school, no employable skills, and no work experience. She too has some health problems. In short, she is ill-equipped to enter the job market at this late date.
Under circumstances similar to those here presented we have often held that a trial judge abused his discretion in not awarding permanent alimony. See, e.g., Messer v. Messer, 342 So.2d 1076 (Fla. 2d DCA 1977); Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975). We feel that permanent alimony was likewise appropriate in the instant case.
In determining the proper amount of alimony to award, a trial court should consider the husband's ability to pay, the needs of the wife, and the standard of living shared by the parties during their marriage. Firestone v. Firestone, 263 So.2d 223 (Fla. 1972); Lash v. Lash, supra. Applying these criteria to the instant case, we must conclude that the trial judge abused his discretion in awarding the wife only $600 per month for one year, and $500 per month for the following three years.[1] We *395 therefore direct the trial court to amend the final judgment to provide $750 per month permanent alimony for the wife. See Schultz v. Schultz, 290 So.2d 146 (Fla. 2d DCA 1974).
The wife also contends that the trial court erred in ordering the marital home to be sold and the proceeds divided equally. In Carlsen v. Carlsen, 346 So.2d 132 (Fla. 2d DCA 1977) we approved of such a procedure as long as the pleadings seek partition and contain the necessary allegations. In the instant case we find the husband's petition met these requisites. However, we noted in Carlsen that if the court allows the parties to conclude a nonjudicial sale the judgment must fix a reasonable deadline by which the sale must take place; and, that any judicial sale after that deadline must proceed in accordance with Chapter 64 of the Florida Statutes. The judgment now before us is deficient because it sets no deadline for the sale of the home by the parties.
The wife also attacks the portion of the judgment ordering the parties "to divide all of the furniture, furnishings and fixtures, as well as all personal property." We must agree with her that the trial court could not order the division of "all personal property," because there was no prayer for such relief in the pleadings and the issue was not tried by consent. Harrell v. Harrell, 345 So.2d 339 (Fla. 2d DCA 1977); Doane v. Doane, 330 So.2d 753 (Fla. 2d DCA 1976). The ordered division of the "furniture, furnishings and fixtures," though sought by the pleadings, suffers from the same infirmity as the ordered sale of the marital home; i.e., it sets no reasonable deadline by which the division must be completed.
Accordingly, the provision of the judgment awarding alimony is stricken, and the trial court shall enter an amended final judgment granting the wife permanent alimony of $750 per month beginning September 1, 1977. The amended final judgment shall also include a reasonable deadline for the parties to sell or otherwise dispose of the marital home and furniture, furnishings, and fixtures. If the parties are unable to satisfactorily resolve such matters the trial court shall proceed with partition or judicial sale in compliance with Chapter 64. Finally, the language requiring the parties to divide all other personal property is stricken from the judgment.
Affirmed in part; reversed in part; and remanded to the trial court for further proceedings consistent with this opinion.
OTT and RYDER, JJ., concur.
NOTES
[1] It is unclear from the language of the final judgment whether the trial court intended the alimony award to be permanent or rehabilitative. However, even if the court intended permanent alimony, the award was inadequate to comport with the standards by which such awards are judged.