DAUKSCH, Judge,
dissenting:
I respectfully dissent. The award of periodic alimony to the wife is too small and she should have been given a lump sum alimony award of some of the property acquired during the marriage but titled solely in the husband’s name. The husband has the ability to pay more periodic alimony and the ability to transfer a portion of the acquired property and the wife certainly has the need. The marriage lasted 31 years during which the husband was a world traveling military service officer who was accompanied by his wife to most of these far off lands where they lived in good style supported by the government with an income much greater than average. The wife stayed home and tended to the children during the formative years of their two children. The husband evidently enjoys a relatively good physical condition and could work but he chooses to live solely on his retirement income, which, of course, he has a right to do. The wife, on the other hand is not in relatively good health and is minimally employable, unemployed, and largely unskilled. There is evidence the marriage, especially in the later years, was a stormy one but the fault does not lie in one place. Otherwise the wife behaved through the marriage as a wife is expected. The case falls within the guidelines set out in McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977) for a more equitable recognition of the wife’s right and the husband’s duty.
Just out is the case of Sullivan v. Sullivan, 363 So.2d 393 (Fla. 2d DCA 1978), the facts of which are strikingly similar to the facts here. The trial court awarded an inadequate sum of money and our sister court increased the alimony to $750.00 per month. While this case may not warrant permanent alimony in that amount I certainly think it calls for more than $350.00 per month.