HURLEY, Judge.
The wife, Patricia J. Johnson, appeals from a final judgment of dissolution. We affirm in part and reverse in part.
The parties in this proceeding were married for twelve years and do not have any children. Prior to and during the marriage, the wife was employed by Pompano Beach Marine Center, Inc., a corporation owned by the husband and the husband’s father. (The husband owns 49% and his father owns 51% of the corporate stock.) The wife worked part-time for the corporation as a bookkeeper for ten years without salary. At the time of dissolution, she was an unemployed, full-time college student.
The final judgment of dissolution awarded the wife a one-half interest in the $77,-000 equity in the marital home, title to a 1979 Buick Regal automobile as lump-sum alimony, and $685 per month for four years as rehabilitative alimony. The trial court justified the equal division of the $77,000 equity in the marital home by reasoning that the husband was entitled to a special equity in the home, which amount was equal to the sum owed the wife as 49% of her compensation for bookkeeping services rendered to the corporation (which it la-belled “lump sum alimony ... for her equitable distribution”).
We first address the propriety of the trial court’s award to the husband of a special equity in the marital home, which the parties acquired as tenants by the entirety. At trial, the husband’s father testified that he gave his son the down payment of $24,800.00 in a cashier’s check which named only the son as payee. The father also stated that he did not expect repayment. The wife testified that her father-in-law told her he intended to make a gift of that sum to both parties. The father-in-law, however, denied ever discussing that issue with his daughter-in-law. In view of the contradictory testimony on this point, the trial court was free to disbelieve the wife. Although the father-in-law never testified that he did not intend a joint gift, there was sufficient evidence to support a finding of an exclusive gift to the son.
Thus, the husband carried his initial burden of proving that some of the consideration for the jointly held property was supplied from a source unconnected with the marital relationship. See Ball v. Ball, 335 So.2d 5 (Fla.1976). The burden was therefore on the wife to affirmatively show that the husband intended a gift when he placed the property in the joint names. Laws v. Laws, 364 So.2d 798 (Fla. 4th DCA 1978). This she failed to do. Under cross-examination, the wife admitted that her husband never said that he was making a gift of one-half of the down payment to her. The husband testified that he talked to the wife about the purchase of the home, but did not recall whether the issue of title was discussed.
On this record we cannot say that the special equity awarded to the husband was in error. The wife wholly failed to carry her burden of showing that a gift was intended; thus, the husband had no obligation to disprove donative intent. We therefore affirm the special equity awarded to the husband. Cf. Agudo v. Agudo, 449 So.2d 909 (Fla. 3d DCA 1984); Holbrook v. Holbrook, 383 So.2d 981 (Fla. 4th DCA *799 1980), petition for rev. denied, 392 So.2d 1375 (Fla.1980).
Next, we turn to the related issues of the trial court’s denial of the wife’s motion to join the closely-held corporation as a party defendant and the court’s adjudication of the wife’s claim against the corporation for work performed over a ten-year period. The trial court calculated a monetary figure for the wife’s work and, then, awarded her 49% of that figure, apparently on the theory that the husband, as a 49% minority stockholder, was responsible only for 49% of the corporation’s debts. This approach is manifestly unfair; it leaves the wife with half a loaf. The 49% award affirms the validity of her claim, but only provides partial satisfaction. This is erroneous.
In the first place, the trial court erred in characterizing the wife’s compensation as “lump sum alimony.” When a wife takes an active part in a family business, her direct contribution to the commercial enterprise must be recognized as a special equity in that business when the marriage assets are being allocated upon dissolution of marriage. Neff v. Neff, 386 So.2d 318 (Fla. 2d DCA 1980). Moreover, a “special equity” in the sense in which it is used here is not alimony. See Duncan v. Duncan, 379 So.2d 949, 952 (Fla.1980). Accordingly, we vacate the 49% award and remand with instructions to grant the wife’s motion to join the closely held corporation as a party defendant, see Hoecker v. Hoecker, 426 So.2d 1191 (Fla. 4th DCA 1983), and to re-evaluate the wife’s claim in light of the principles set forth in Neff and Duncan, supra.[1]
The next issue presented is whether the trial court erred in refusing to consolidate this proceeding with a pending suit filed by the father-in-law seeking to establish a resulting trust in real estate owned jointly by him and the parties. Because the ends of judicial economy would be better served if the parties are allowed to finally adjudicate all issues relevant to distribution of marital property in one proceeding, we find that the refusal to consolidate amounted to an abuse of discretion and reverse on this point. Cf. Tropic-Air Development Co. v. Rosen, 248 So.2d 537 (Fla. 3d DCA 1971), cert, denied, 252 So.2d 800 (Fla.1971).
The wife further argues on appeal that the trial court erred in failing to order a partition of the marital home. We disagree. The wife’s petition for dissolution requested the court to partition the parties’ real property, but did not contain a full description of the property at issue. Thus, her request for partition did not conform to the requirement of Section 64.041, Florida Statutes (1983). The trial court therefore had no authority to order partition of the home. See Wischman v. Wischman, 310 So.2d 428 (Fla. 2d DCA 1975); cf. In re Marriage of McDade, 359 So.2d 38 (Fla. 2d DCA 1978).
We have also reviewed the wife’s challenge to the sufficiency of the rehabilitative alimony award, and conclude that reasonable people could differ as to the propriety of the award. We are therefore bound to affirm. See Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983); Conner v. Conner, 439 So.2d 887 (Fla.1983). For the same reason, we are not free to disturb the trial court’s refusal to award permanent alimony: A determination by this court that the wife has been “short changed” would fall within the prohibition of Conner, supra.
Finally, we affirm the partial attorney fee award to the wife because the record does not contain a copy of the trial court’s final order on fees and costs, see Peace Creek Drainage District v. Turner, 97 Fla. 486, 121 So. 469 (1929), or a transcript of the attorney’s fees hearing. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Starks v. Starks, 423 So.2d 452 (Fla. 1st DCA 1982).
*800 In sum, we reverse the final judgment of dissolution insofar as it denies the wife’s motion to join the corporation as a party defendant and her motion to consolidate the collateral real estate proceeding, and remand for further proceedings to determine the amount the wife is entitled to as a special equity in the family business, and the interest, if any, that she is entitled to in the collateral real estate. In all other respects the judgment on appeal is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
ANSTEAD, C.J., and GREEN, OLIVER L., Jr., Associate Judge, concur.

. We do not believe that a special equity award is a question of fact shielded from appellate review under Conner v. Conner, 439 So.2d 887 (Fla.1983). See Haney v. Haney, 450 So.2d 256 (Fla. 2d DCA 1984).