963 So.2d 904 (2007)
Roy Nicholas GERACI, Jr., Appellant,
v.
Peter Adkins GERACI, Appellee.
No. 2D06-2478.
District Court of Appeal of Florida, Second District.
August 24, 2007.
*905 Mark P. Kelly of Lopez & Kelly, P.A., Tampa, for Appellant.
Mark A. Linsky of Mark A. Linsky, P.A., Tampa; and Stuart C. Markman and Robert W. Ritsch of Kynes, Markman & Felman, P.A., Tampa, for Appellee.
ALTENBERND, Judge.
Roy Nicholas Geraci, Jr. (Nick), appeals a final judgment of partition concerning four parcels of real property that he owns as a tenant in common with his brother, Peter Adkins Geraci (Peter). The judgment determines that the property is not divisible in kind without prejudice to the brothers and orders its public sale. The only issue on appeal, which appears to be a matter of first impression, is whether a trial court may conduct a hearing to determine whether property subject to partition is not divisible without first appointing commissioners to consider the matter. We conclude that section 64.061(4), Florida Statutes (2005), authorizes such a procedure when the parties' pleadings have established the property's divisibility as a disputed issue.
The Geraci brothers own four undeveloped parcels of land near the intersection of Dale Mabry Highway and Van Dyke Road in Hillsborough County. The parcels total approximately 290 acres. The largest parcel is approximately 250 acres on the northwest corner of these two main roads, with significant frontage on both roads. This parcel and two others are irregularly shaped. None of the four parcels shares significant boundaries with the others. This land is ripe for development.
The brothers appear to agree only on the fact that they disagree with one another. In July 2005, Peter filed a complaint for partition of these four parcels. He alleged that the property was not divisible without prejudice to the owners and accordingly needed to be sold. Nick answered the complaint, denying that the property was indivisible and requesting an order partitioning the property into two parts. He filed a counterclaim requesting that the court appoint three commissioners to effectuate the partition pursuant to section 64.061(1).
Peter sought to schedule a hearing before the trial court to determine whether the property was indivisible. Nick filed motions to appoint commissioners. Ultimately, over Nick's objection, the trial court determined that it would hold an evidentiary hearing to determine whether the property could be divided without prejudice to either brother and would defer ruling on the motion to appoint commissioners until after the hearing.
At the evidentiary hearing, Peter presented the testimony of four experts to support his allegation that the property was not divisible in kind without prejudice to the brothers. Based upon this evidence, as well as evidence regarding the inability of these brothers to work together to resolve any issues regarding the property, the trial court found that the four parcels *906 were not subject to partition and entered a judgment requiring the parcels to be sold at public sale. The court denied Nick's request to appoint commissioners.
This case involves an interpretation of several provisions of chapter 64. Section 64.041 sets forth what must be included in a complaint seeking partition. This statute does not require the plaintiff to allege whether or not the property is capable of a physical division between the co-owners. Rather, the plaintiff is only required to plead a description of the lands sought to be partitioned and the names, addresses, and interests of each co-owner.
Section 64.051 describes the judgment. It states simply, "The court shall adjudge the rights and interests of the parties, and that partition be made if it appears that the parties are entitled to it." The judgment then sets forth the "interest to be allotted" to each plaintiff or defendant with an ownership interest in the property. § 64.051.
The process by which the partition or allotment is made, however, is set forth in section 64.061. This section establishes a procedure for physically dividing property unless the property is indivisible. Section 64.061(1) states:
APPOINTMENT AND REMOVAL.  When a judgment of partition is made, the court shall appoint three suitable persons as commissioners to make the partition. They shall be selected by the court unless agreed on by the parties. They may be removed by the court for good cause and others appointed in their places.
The commissioners' powers, duties, and compensation are explained in section 64.061(2), which also requires the commissioners to prepare a written report "to make partition of the lands in question according to the court's order." Pursuant to section 64.061(3), any party who disagrees with the report may file an objection within ten days. Although the statute does not expressly state what occurs when an objection is filed, presumably the trial court would need to resolve the objection by conducting an evidentiary hearing and making findings of fact. In the event no objections are filed, the court must confirm the report and enter a final judgment "vesting in the parties the title to the parcels of the lands allotted to them." § 64.061(3).
Section 64.061(4) explains the procedure when the parties agree that the property is indivisible without prejudice to the owners or if the court "is satisfied" that such an allegation is correct. That section reads:
APPOINTMENT OF SPECIAL MAGISTRATE WHERE PROPERTY NOT SUBJECT TO PARTITION.  On an uncontested allegation in a pleading that the property sought to be partitioned is indivisible and is not subject to partition without prejudice to the owners of it or if a judgment of partition is entered and the court is satisfied that the allegation is correct, on motion of any party and notice to the others the court may appoint a special magistrate or the clerk to make sale of the property either at private sale or as provided by s. 64.071.
In this case, the trial court relied upon this provision to appoint the clerk to conduct a public sale because it was "satisfied" that the property is indivisible without prejudice to one or both brothers.[1]
*907 Finally, section 64.071 is entitled "Sale where nondivisible." Section 64.071(1) provides:
ORDER OF SALE.  If the commissioners report that the lands of which partition is directed are so situated that partition cannot be made without prejudice to the owners and if the court is satisfied that such report is correct, the court may order the land to be sold at public auction to the highest bidder by the commissioners or the clerk. . . .
Nick argues that once a judgment of partition is entered pursuant to section 64.051, the trial court must appoint commissioners pursuant to section 64.061(1) to attempt to divide the property in kind. This interpretation, however, ignores the provisions of section 64.061(4), which allows the trial court to forego this procedure when it is "satisfied," or when the parties agree, that the land is indivisible. Indeed, as Peter points out, the appointment of commissioners in this case would likely have been a futile act. One brother or the other was unquestionably going to object to the commissioners' report, no matter what the recommendation. That objection would lead to an evidentiary hearing on the issue, at the end of which the trial court could order a sale by the clerk pursuant to section 64.071(1), just as it did here pursuant to section 64.061(4). On the other hand, under the procedure utilized by the trial court, if the trial court had determined that Nick was correct and that the property was divisible, then the trial court would have been required to appoint the three commissioners to study ways to partition the property. Under these circumstances, the evidentiary hearing provided the most efficient resolution to this dispute regarding the divisibility of the property. The partition statutes recognize and permit this procedure.
Section 64.071 is therefore not applicable in every partition procedure. Rather, it applies specifically when the court has initially appointed commissioners in an attempt to physically divide the property, only to have the commissioners conclude that this is not possible without prejudice to one or more parties. Nothing in this section prevents the trial court from making an initial determination on divisibility pursuant to section 64.061(4) when the circumstances merit such a procedure. We therefore affirm the trial court's judgment.
Affirmed.
VILLANTI and WALLACE, JJ., concur.
NOTES
[1] The trial court obviously interpreted "satisfied" in this context to mean that it was required to hold an evidentiary hearing at which the movant, Peter, was required to establish by a preponderance of the evidence that the property was indivisible without prejudice to the owners. We agree with this reasonable interpretation.