DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MYRA BLEW,**
Appellant,

v.

**MICHAEL BLEW,**
Appellee.

No. 4D22-2127

[March 29, 2023]

Appeal of nonfinal order from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Brett M. Waronicki, Judge; L.T. Case No. 43-2021-DR-000805.

L. Lisa Batts of Stuart Law Group, P.A., Stuart, for appellant.

Stacy N. Beaulieu-Fawcett of the Beaulieu-Fawcett Law Group, P.A., Delray Beach, for appellee.

CONNER, J.

In this nonfinal appeal, the wife seeks to reverse a trial court order granting the husband's motion for summary judgment in a pending dissolution of marriage action, granting partition of the marital home, and requiring the sale of the marital home prior to dissolving the marriage. Because Florida law does not permit partition of property held as tenants by the entireties while the parties are married, we reverse and remand for further proceedings.

*Background*

The wife petitioned for dissolution of marriage, asserting a count for partition of the marital residence, which the parties owned as tenants by the entireties. The husband answered and counter-petitioned for dissolution of marriage, also asserting a count for partition. While other aspects of the dissolution action were still being litigated, the husband moved for summary judgment, seeking partition prior to the final dissolution hearing.

At the summary judgment hearing, the wife argued the motion should be denied because, as a matter of law, no right to partition existed prior to entry of a final judgment. The wife pointed out that the husband could have sought an interim partial distribution under section 61.075(5), Florida Statutes (2021), upon a showing of "extraordinary circumstances," but he had not. The wife further argued disputed facts existed regarding her property interest in the home and use of the home for her support.

The husband argued summary judgment was appropriate because both parties were seeking the same relief. Further, he argued that he asserted good cause for immediate sale by showing that the wife was running a business out of the home while not contributing to any of the household expenses.

The trial court found no genuine issue of material fact concerning the partition, as each side was requesting the same relief. The trial court explained this was not an interim partial distribution of the home's value, as the distribution issue remained to be determined. The trial court also explained that the wife's preference to remain in the home until a temporary relief hearing was conducted did not create a genuine dispute of facts. Accordingly, the trial court granted summary judgment, and ordered the property be immediately listed for sale and both parties to cooperate with the sale. The trial court further ordered counsel to retain the sale proceeds in an escrow account until further order.

*Appellate Analysis*

Identical to the corresponding rule of civil procedure, Florida Family Law Rule of Procedure 12.510(a) gives the standard for granting summary judgment in family cases: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. Fam. L. R. P. 12.510(a). Summary judgment is proper "if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." *Menendez v. Palms W. Condo. Ass'n,* 736 So. 2d 58, 60 (Fla. 1st DCA 1999). The standard of review on a motion for summary judgment is de novo. *Volusia County v. Aberdeen at Ormond Beach, L.P.,* 760 So. 2d 126, 130 (Fla. 2000).

Our research revealed no Florida caselaw permitting a partition sale of a marital home owned as tenants by the entireties prior to the entry of final judgment dissolving the marriage of the owners. Nor have we identified any caselaw pertaining to a court-ordered partition prior to entry of a final dissolution judgment, where both parties agreed to the partition

2

in the pleadings.  However, numerous cases discuss partition ordered in a final dissolution judgment or thereafter.  *See, e.g., Salazar v. Giraldo,* 190 So. 3d 248, 248 (Fla. 5th DCA 2016); *Coristine v. Coristine,* 53 So. 3d 1204, 1204 (Fla. 5th DCA 2011); *Anderson v. Anderson,* 424 So. 2d 943, 944 (Fla. 5th DCA 1983); *Zeller v. Zeller,* 396 So. 2d 1177, 1178 (Fla. 4th DCA 1981).

"Actions for partition are based in equity and are governed by chapter 64, Florida Statutes[.]"  *Marks v. Stein,* 160 So. 3d 502, 506 (Fla. 2d DCA 2015) (citing § 64.011 Fla. Stat. (2013)); *see also Willard v. Willard,* 145 U.S. 116, 120-21 (1892) (recognizing that partition actions were authorized by English statutes dating back to the reign of Henry VIII).  In dissolution of marriage actions, "[t]o justify partition one of the parties must plead a right thereto in accordance with Chapter 64[.]  A [general] prayer for a division of the property of the parties is insufficient."  *Niemann v. Niemann,* 294 So. 2d 415, 416 (Fla. 4th DCA 1974); *see also Zeller,* 396 So. 2d at 1178 (holding that dissolution petition request that the parties' joint property be "adjusted and determined" was insufficient to grant partition); *Poitier v. Poitier,* 458 So. 2d 428, 428 (Fla. 3d DCA 1984) (reversing a judgment partitioning tenancy by the entireties property "in the absence of an appropriate request and compliance with the requirements of Chapter 64, Florida Statutes").  The requirement of a pleading pursuant to Chapter 64 "is no idle whim since partition involves certain rights, such as the right to partition in kind, a determination of the respective interests of the parties in the property, and the proper distribution of the proceeds from a sale."  *Zeller,* 396 So. 2d at 1178.  The record is clear that both parties filed petitions seeking partition of the marital home.[1]

Because partition is a statutory remedy in Florida, the statutory provision explaining *who* may bring a partition action against *whom* is controlling.  Section 64.031, Florida Statutes (2021), states: "The action may be filed by any one or more of several *joint tenants, tenants in common,* or *coparceners,* **against** their *cotenants, coparceners,* or *others interested* in the lands to be divided."  § 64.031, Fla. Stat. (2021) (emphasis added).  Additionally, section 64.051, Florida Statutes (2021), which addresses partition judgments, provides: "The court shall adjudge the rights and interests of the *parties,* and that partition be made *if it appears that the parties are entitled to it.*"  § 64.051, Fla. Stat. (2021) (emphasis added).

---

[1] The husband's dissolution petition specifically cited Chapter 64 as the basis for his partition request.  The wife did not reference any statute.  But, because partition is a statutory remedy, we construe her request to be pursuant to Chapter 64 as well.

The plain language of sections 64.031 and 64.051 makes clear that a partition judgment may be entered in favor of a *joint tenant*, *tenant in common*, or *coparcener* **against** a *joint tenant*, *tenant in common*, or *coparcener*. We find nothing in Chapter 64 that authorizes a tenant by the entireties to seek a partition of property jointly owned by his or her spouse.

Florida caselaw has long held that property held by spouses as tenants by the entireties is not subject to partition. *See Hunt v. Covington*, 200 So. 76, 77 (Fla. 1941). That is because a tenancy by the entireties is "an estate over which the husband and wife have absolute disposition and *as to which each, in the fiction of law, holds the entire estate as one person*." *Id.* (emphasis added); *see also Logan Moore Lumber Co. v. Legato*, 131 So. 381, 382 (Fla. 1930) ("An estate by the entireties is vested in husband and wife as one person . . . it cannot ordinarily be partitioned during their joint lives[.]"). Thus, as a matter of law, partition is designed to provide a remedy where two or more persons have separate, and sometimes unequal, joint ownership interests in real property, but no logical reason for the remedy exists in the context of a single unit of ownership.

In the instant case, both parties petitioned to partition the marital home which they owned as tenants by the entireties. However, because Chapter 64 governs partitions, and because sections 64.031 and 64.051 do not allow for partition of property held as tenants by the entireties, the trial court erred in ordering partition of the marital residence prior to the final judgment of dissolution.

We also agree with the wife's alternative argument on appeal that the trial court's order fails to comply with section 64.061(4), Florida Statutes (2021), because the order does not appoint a special magistrate or the clerk of court to conduct the sale, nor does it order a judicial sale in compliance with section 64.071, Florida Statutes (2021). *See* § 64.061(4), Fla. Stat. (2021); *Marks*, 160 So. 3d at 507 ("Absent the parties' agreement, resort to a private sale as a means of selling the property in a partition action is disapproved."); *Weider v. Weider*, 402 So. 2d 66, 68 (Fla. 4th DCA 1981) (reversing a partition final judgment for failure to follow the sale procedure authorized by Chapter 64). However, this issue is moot, given our reversal on the grounds the property cannot be partitioned prior to dissolution of the marriage.

*Conclusion*

For the reasons stated above, we reverse the order granting a partition sale of the marital home property prior to the marriage being dissolved,

direct the trial court to vacate the order, and remand for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

GERBER and FORST, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***